UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                              CASE NO. 6:08-bk-04681-KSJ

AEM, INC.,                                          CHAPTER 11

            Debtor.
_____/

## AEM, INC.'S OBJECTION TO ALLOWANCE OF CLAIM NO. 12 SUBMITTED BY PARADYME, INC.

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this objection without further notice of hearing unless a party in interest files a response within thirty (30) days from the date of service of this objection. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 135 West Central Boulevard, Suite 950, Orlando, Florida 32801, and serve a copy on the counsel for the Debtors, R. Scott Shuker, Esq., LATHAM, SHUKER, EDEN & BEAUDINE, LLP, 390 North Orange Avenue, Suite 600, Orlando, Florida 32802-3353.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the objection, will proceed to consider the objection without further notice of hearing, and may grant the relief requested.

**AEM, INC.** ("AEM"), along with its related entities, Hoth Holdings, LLC ("Hoth"), and MIRABILIS VENTURES, INC. ("Mirabilis")(collectively, "Debtors"), by and through their undersigned attorneys, and pursuant to Local Rule 2002-4(b)(ii) and Federal Rule of Bankruptcy Procedure 3007(a), object ("Objection") to the claim of PARADYME, INC. ("Paradyme") (Claim No. 12), and in support thereof, state as follows:

### Jurisdiction

1.    This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is Rule 3007 of the Federal Rules of Bankruptcy Procedure.

### Procedural and Factual Background

3. On May 27, 2008, the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ, and *In re AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases"). (Bankr. Doc. No. 1).

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

5. On April 25, 2008, the United States of America ("USA") filed an *in rem* Civil Forfeiture Complaint Case No. 6:08-cv-00067-MSS-KRS in the District Court for the Middle District of Florida, Orlando Division ("Civil Complaint") against certain property owned by the Debtors. (Civil Complaint Doc. No. 1). On September 4, 2008, the USA amended the Civil Complaint to add additional property. (Civil Complaint Doc. No. 67).

6. On August 6, 2008, USA indicted Frank L. Amodeo ("Amodeo"), for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation. *See United States of America v. Frank L. Amodeo*, Case No.: 08-cr-176-Orl-28-GJK (Dist. Court Doc. No. 1).

7. The indictment contains criminal forfeiture provisions which seek the forfeiture, *inter alia*, of all assets of the estates of the Debtors and their related entities.

8. On August 14, 2008, the USA filed a motion to intervene and to stay the Debtors' bankruptcy cases with this Court ("Intervener Motion")(Bankr. Doc. No. 34).

9. In the Intervener Motion, the USA sought to stay the Bankruptcy Case in an effort to pursue a forfeiture action against the property of the Debtors including, but not limited to,

proceeds seized in the various law firm trust accounts, vehicles, real estate, and other personal property. (Bankr. Doc. No. 34).

10. Furthermore, the USA represented to the Bankruptcy Court that if the items are forfeited, "they will become property of the United States and will not remain in the related bankruptcy estates." (Bankr. Doc. No. 34 at para. 6).

11. On September 23, 2008, Amodeo pled guilty to five counts of the indictment. (Dist. Court Doc. No. 28 and 33). The plea agreement included an agreement by Amodeo to forfeit all of the proceeds of his conspiracy charged in Count One, including the assets of the Debtors' bankruptcy estates.

12. On September 29, 2008, the USA filed a motion in the Amodeo Criminal Case for entry of a Preliminary Order of Forfeiture ("Forfeiture Motion") (Dist. Court Doc. No. 40). In its Motion, the USA sought the forfeiture of a significant number of assets, including the Debtors' assets, and authority to seize all of the assets sought for forfeiture.

13. On October 2, 2008, the District Court entered a Preliminary Order of Forfeiture ("Preliminary Forfeiture Order"). (Dist. Court Doc. No. 46). Pursuant to the Preliminary Forfeiture Order, the USA may have seized property forfeited under the Order immediately, regardless of the Debtors' appeal.

14. On October 8, 2008, and subsequent to this date, Debtors' counsel and the USA met to discuss possible global resolutions of all issues which have been raised, or could be raised, between the USA and the Debtors, including the resolution of the subject forfeiture motions.

15. On November 25, 2008, the Debtors and the USA reached an accord and filed a Joint Motion to Approve Compromise of Controversy that otherwise resolves the forfeiture issues ("Compromise") (Doc. No. 59).

16. On February 12, 2009, the Court approved the Compromise ("Compromise Order") (Doc. No. 78).

17. Pursuant to the Compromise Order, the Debtors' assets were divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA.

18. Among others, the following assets were forfeited to the USA: all assets of the following corporations: AQMI Strategy Corporation, Nexia Strategy Corporation, **Presidion Solutions, Inc.**, Professional Benefit Solutions, Inc., d/b/a Presidion Solutions VII, Inc., Quantum Delta Enterprises, Inc., d/b/a Siren Resources, Inc., Titanium Technologies, Inc., f/k/a Titanium Consulting Services, Inc., Tenshi Leasing, Inc., and Wellington Capital Group, Inc. (Emphasis added).

19. Paradyme a/k/a Presidion Solutions, VI, Inc. is a wholly-owned PEO operating subsidiary of Presidion Solutions, Inc.

20. Nevertheless, on August 8, 2008, Paradyme filed its proof of claim in AEM, Inc. ("Claim No. 12"). Claim No. 12 is signed by Amodeo.

21. In the Paradyme claim, Paradyme and Amodeo allege that between January 2005 and April 2006, Paradyme Professional Employment Organization contracts were transferred to Professional Benefit Solutions, resulting in an unsecured claim for $306,000,000. Paradyme and Amodeo classify the basis of this claim as money loaned from 2005 to 2006.

### Objection to Claim No. 12

22. First, Amodeo, as an alleged corporate representative of Paradyme, has no standing to bring forth this objection. By his plea agreement with the USA, Amodeo forfeited all his assets, including his ownership interest in Paradyme to the USA. Furthermore, pursuant to the Compromise Order, all assets and interests in Paradyme, as fully-owned subsidiary of

4

Presidion Solutions, Inc. were forfeited to the USA. Therefore, Amodeo has no standing to bring forth Claim No. 12 on behalf of Paradyme, and the Paradyme claim must be disallowed in its entirety.

23.     Second, there is no evidence in the Debtor's books and records that AEM received value for the Paradyme claim and demands strict proof thereof. As such, the claim must be disallowed.

### Requested Relief

24.     AEM requests this Court enter an order sustaining the objection to Claim No. 12, disallowing it in its entirety.

**WHEREFORE**, AEM Inc. respectfully requests this Court enter an Order sustaining this Objection, disallowing Paradyme, Inc's claim in its entirety and for such other and further relief as the Court deems just and proper in the circumstances.

**RESPECTFULLY SUBMITTED** this 9th day of October 2009.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
rshuker@lseblaw.com
Victoria I. Minks, Esq.
Florida Bar No. 0064388
vminks@lseblaw.som
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P. O. Box 3353 (32802-3353)
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
Attorneys for AEM, Inc.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                             CASE NO. 6:08-bk-04681-KSJ

AEM, INC.,                                                         CHAPTER 11

           Debtor.
_____/

### Certificate of Service

    I HEREBY CERTIFY that a true copy of **AEM, INC.'S OBJECTION TO ALLOWANCE OF CLAIM NO. 12 SUBMITTED BY PARADYME, INC.** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: AEM, Inc., c/o R.W. Cuthill, Jr., President of Mirabilis Ventures, Inc., 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; Paradyme, Inc., 2875 S. Orange Avenue, Suite 500, Orlando, Florida 32806 (as shown on the Proof of Claim); the Local Rule 1007-2 parties-in-interest; and the U. S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801, this 9th day of October 2009.

                                                   /s/ R. Scott Shuker, Esq.
                                                   R. Scott Shuker, Esquire

```
Label Matrix for local noticing      AEM, Inc                              Richard Lee Barrett
113A-6                               340 N Maitland Ave                    PO Box 533983
Case 6:08-bk-04681-KSJ               Ste 210                               Orlando, FL 32853 3983
Middle District of Florida           Maitland, FL 32751-4784
Orlando
Tue Sep 22 14:25:14 EDT 2009

Charles A Carlson                    Elena L Escamilla                     Gill R Geldreich
Barnett, Bolt, Kirkwood, Long & McBride   United States Trustee            Tennessee Attorney General's Office
Post Office Box 3287                 135 W Central Blvd  Suite 620         Post Office 20207
Tampa, FL 33601-3287                 Orlando, FL 32801-2440                Nashville, TN 37202


I Randall Gold                       Elizabeth A Green                     Jimmy D Parrish
United States Attorney's Office      Latham Shuker Eden & Beaudine LLP     Latham Shuker Eden & Beaudine LLP
501 West Church Street               390 North Orange Avenue               Post Office Box 3353
Suite 300                            Suite 600                             Orlando, FL 32802-3353
Orlando, FL 32805-2281               Orlando, FL 32801-1684


Tennessee Department of Revenue      End of Label Matrix
c/o Attorney General's Office        Mailable recipients    9
Bankruptcy Unit c/o Robert Cooper    Bypassed recipients    0
PO BOX 20207                         Total                  9
Nashville, TN 37202-4015
```