UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| In re AEM, Inc., | ) | Case No. 6:08-bk-04681 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

ORDER DISMISSING NOTICE OF APPEAL

On January 25, 2010, the Clerk received a Notice of Appeal ("the Notice of Appeal") from Frank L. Amodeo, designated and captioned by Mr. Amodeo for filing in In re Mirabilis Ventures, Inc., Case No. 6:08-bk-04327-KSJ ("Mirabilis Ventures"), on behalf of Paradyme, Inc., regarding "an order striking the Response of Paradyme to the Objection of the Debtor to Paradyme's claim entered on the 7 day of January 2010." However, the Court entered no such order in Mirabilis Ventures on January 7, 2010.

The Court did, however, enter an order on January 7, 2010, in the above captioned case, In re AEM, Inc., Case No. 08-bk-04681 (Doc. No. 206) titled "Order Sustaining AEM, Inc.'s Objection to Claim No. 12 Submitted By Paradyme, Inc.," disallowing Paradyme's claim in its entirety because Paradyme failed to file and/or serve a proper response to AEM, Inc.'s objection to Paradyme's claim within the response period provided by Local Rule 2002-4.

Upon consideration of the Notice of Appeal, relevant docket entries, and the applicable rules governing appeals, the Court finds:

1) Mr. Amodeo erroneously captioned his Notice of Appeal for Mirabilis Ventures. Mr. Amodeo intended to file the Notice of Appeal in In re AEM, Inc., Case No. 08-bk-04681. Therefore, the Court directs the Clerk to docket the Notice of Appeal in In re AEM, Inc., Case No. 08-bk-04681. The Notice of Appeal shall be

considered and treated as having been docketed on the date it was received by the Clerk, January 25, 2010. Fed. R. Bankr. P. 8002(a).

2) Federal Rule of Bankruptcy Procedure 8001(a) provides that an appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002.

3) Bankruptcy Rule 8001(a) also provides, among other things, that a notice of appeal must be accompanied by the prescribed filing fee. The prescribed filing fee for an appeal from a bankruptcy order is $255.00. Mr. Amodeo failed to file the prescribed $255.00 fee.

4) Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from. The order appealed from was entered on January 7, 2010. The Notice of Appeal was not received by the Court until January 25, 2010. Therefore, the Notice of Appeal was untimely.

5) Pursuant to an administrative order titled <u>In re Protocol for Processing Untimely Bankruptcy Appeals</u>, No. 96-118-Misc-T, applicable to the Bankruptcy Courts for the Middle District of Florida:

> Whenever an appellant files in the bankruptcy court a notice of appeal that is untimely on its face pursuant to the time provisions of F.R.B.P. 8002(a) or (b), the presiding bankruptcy judge may enter an order dismissing the appeal for untimeliness. Unless the district court grants relief from that order pursuant to the provisions of paragraph 2 [of order No. 96-118-Misc-T], the entry of the order of dismissal shall have the effect of dismissing the appeal; and the clerk of the bankruptcy court shall not transmit the notice of appeal, the order of dismissal, or the record to the clerk of the district court.

Accordingly, it is

    ORDERED:

1)    The Notice of Appeal is dismissed as untimely and because the appellant failed to pay the required filing fee.

    DONE AND ORDERED in Orlando, Florida, on February 12, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge