# *TRANSCRIPT OF PROCEEDINGS*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 08-4328
IN RE: HOTH HOLDINGS, LLC.

ADVERSARY CASE 08-148
HOTH HOLDINGS, LLC VERSUS COASTAL EQUITY PARTNERS, ET AL.

CASE NO. 08-4681,
IN RE: AEM, INCORPORATED                    VOLUME II

CASE NO. 08-4327
IN RE: MIRABILIS VENTURES

**FILED**

JUL 19 2010

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

HEARING ON MOTION TO DISMISS
BEFORE:                KAREN JENNEMANN,
U.S. BANKRUPTCY JUDGE

DATE:             JUNE 30, 2009
APPEARANCES:
ON BEHALF OF DEBTORS:                    ELIZABETH GREEN, ESQUIRE
JUSTIN LUNA, ESQUIRE

ON BEHALF OF FORGE CAPITAL,
ATLANTIC AMERICAN, ET AL:                BART VALDES, ESQUIRE

ON BEHALF OF RACHLIN COHEN:              JOE DIMARIA, ESQUIRE

ON BEHALF OF SAXON, GILMORE,
AND HANS BEYER:                          JOE VARNER, ESQUIRE

ON BEHALF OF BERMAN, KEAN               BRAD SAXTON, ESQUIRE

ON BEHALF OF MOORE AND HUTTO:            JANELLE BRONSON, ESQUIRE
CHUCK MELTZ, ESQUIRE

## Realtime Reporters, Inc.

Registered Professional Reporters
Certified Video Technicians

1188 Fox Forrest Circle • Apopka, Florida 32712 • (407) 884-4662 • FAX (407) 884-4664
*Sandra A. Dawkins, President • Professional Reporting Since 1977*

   

2

1                       P R O C E E D I N G S

2           (WHEREUPON, THE HEARING WAS CONTINUED FROM VOLUME

3    I, PAGE 93, AS FOLLOWS:)

4           THE COURT:  AND WHO WILL BE ARGUING THE MOTION TO

5    DISMISS?

6           MR. VARNER:  I WILL, YOUR HONOR.

7           THE COURT:  VERY GOOD.  AND MR. VARNER.

8           MR. VARNER:  JUDGE, YOU'VE HEARD A LOT ABOUT

9    CONTESTED AND I GUESS SOME UNCONTESTED FACT ISSUES TODAY

10   AND IT'S PROBABLY PRETTY OBVIOUS THAT MANY OF US HAVE

11   STRONG FEELINGS ABOUT THE FACT THAT UNDERLINE THESE

12   PROCEEDINGS, BUT THIS MOTION DOES NOT DEAL WITH ANY OF

13   THAT.  THIS MOTION IS SIMPLY A CHALLENGE TO THE SUFFICIENCY

14   OF THE AMENDED COMPANY AND WE HAVE MOVED TO DISMISS IT

15   BECAUSE WE BELIEVE THAT THE AMENDED COMPLAINT, LIKE THE

16   INITIAL COMPLAINT, FAILS TO STATE ANY CLAIM UPON WHICH

17   RELIEF CAN BE GRANTED AND THAT IS, TAKING, OF COURSE, AS WE

18   MUST, ALL THE ALLEGATIONS OF THE COMPLAINT AS COMPLETELY

19   TRUE.

20          AND JUDGE, I HOPE YOU'VE HAD A CHANCE TO REVIEW THE

21   AMENDED COMPLAINT AND I HOPE YOU'VE HAD A CHANCE TO

22   REVIEW THE MOTION WE'VE FILED, AND I ALSO HOPE YOU'VE HAD

23   A CHANCE TO REVIEW THE MEMO THAT MIRABILIS FILED LATE IN

24   THE DAY YESTERDAY.

25          THE COURT:  THAT I HAVE NOT, BUT GO AHEAD.

1    MR. VARNER: SO I WILL DO IN THIS ARGUMENT POINT OUT

2   WHAT I THINK ARE SOME SPECIFIC FLAWS AND PROBLEMS WITH

3   THE COMPLAINT, BUT I ALSO COMMEND YOU TO THE COMPLAINT

4   ITSELF AND OUR MOTION AND AGAIN, THEIR RESPONSE.

5    THE BOTTOM LINE, JUDGE, AND THE REASON WE FILED THIS

6   MOTION IS WE DIDN'T FILE THIS TO WASTE TIME OR TO ENGAGE IN

7   NEEDLESS HYPERTECHNICAL PLEADING ARGUMENTS OR ANY OF

8   THAT SORT OF THING.

9    WE FILED THAT MOTION BECAUSE YOU CAN READ THIS

10   COMPLAINT 100 TIMES AND YOU SIMPLY CANNOT TELL WHAT THE

11   CLAIM IS. IT PURPORTS TO BE A CLAIM FUNDAMENTALLY FOR

12   LEGAL MALPRACTICE AGAINST HANS BEYER AND FOR VICARIOUS

13   LIABILITY AGAINST HIS EMPLOYER, THE ZACHS AND GILMORE

14   FIRM.

15    BUT IN READING THIS COMPLAINT, IT IS NOT CLEAR WHO IT IS

16   THAT HIRED MR. BEYER. IT IS NOT CLEAR FOR WHAT PURPOSE MR.

17   BEYER WAS HIRED. IT IS NOT CLEAR WHAT IT IS THAT HE EITHER

18   DID OR FAILED TO DO THAT IS CLAIMED TO BE NEGLIGENT. AND IT

19   IS NOT CLEAR HOW THAT NEGLIGENCE CAUSED ANY DAMAGE TO

20   THE PLAINTIFF IN THIS CASE, MIRABILIS.

21    I WANT TO TALK ABOUT THE STANDARD ON THE MOTION TO

22   DISMISS, BRIEFLY. I THINK WE'RE ALL VERY FAMILIAR WITH THAT

23   STANDARD. I THINK WE KNOW IN THE TOMBALLY DECISION, THE

24   SUPREME COURT TIGHTENED UP THAT STANDARD OVER WHAT IT

25   HAD HISTORICALLY BEEN. AND FUNDAMENTALLY, JUDGE

1    JENNEMANN, TO STATE A CLAIM, A COMPLAINT MUST ALLEGE

2    FACTS THAT SUPPORT A BASIS FOR RELIEF AND NOT MERE

3    CONCLUSION.  AND A COMPLAINT MUST PROVIDE FAIR NOTICE TO

4    THE DEFENDANT OR DEFENDANTS OF WHAT THE CLAIM IS AGAINST

5    THEM.

6         SUBSTANTIALLY, THIS CASE IS GOVERNED BY FLORIDA LAW.

7    AND UNDER FLORIDA LAW, TO STATE A CLAIM FOR LEGAL

8    MALPRACTICE, NO SURPRISE HERE, THE PLAINTIFF MUST ALLEGE

9    THAT THE PLAINTIFF EMPLOYED THE DEFENDANT TO PROVIDE

10   LEGAL SERVICES.  THE PLAINTIFF MUST ALLEGE THE NATURE OF

11   THOSE LEGAL SERVICES.  THE PLAINTIFF MUST ALLEGE THE

12   NEGLECT OF A DUTY AND THE PLAINTIFF MUST ALLEGE THAT THAT

13   NEGLECT WAS THE PROXIMATE CAUSE OF DAMAGES.

14        OTHER CASE LAW SAYS THAT A COMPLAINT SHOULD ALLEGE

15   WHAT THE SOURCE OF THE DUTY IS, EITHER AN ORAL OR A

16   WRITTEN CONTRACT, THE DURATION OF THE RELATIONSHIP AND

17   WHETHER THE BREACHES ARE FROM ONE OR FROM MULTIPLE

18   REPRESENTATIONS.

19        THIS COMPLAINT FAILS IN EACH AND EVERY REGARD.  IF

20   YOU READ THE COMPLAINT, YOUR HONOR, YOU'LL SEE THAT THE

21   FIRST 29 PARAGRAPHS ALLEGE THE HISTORY OF WHAT THEY CALL

22   THE SUNSHINE COMPANY'S PLAN AND THE PBS PLAN WHEREBY

23   MIRABILIS AND OTHER COMPANIES WERE GOING TO ACQUIRE

24   OTHER COMPANIES FOR CERTAIN PURPOSES.

25        THE FIRST ALLEGATION THAT THEY ATTEMPT TO MAKE

5

1    REGARDING AN ATTORNEY-CLIENT RELATIONSHIP WITH MR. BEYER

2    IS IN PARAGRAPH 30.  IN PARAGRAPH 30, THE AMENDED COMPLAINT

3    STATES:  IN 2004, BEYER WAS ORIGINALLY RETAINED BY ACME TO

4    GIVE LEGAL ADVICE REGARDING THE LEGALITY OF THE SUNSHINE

5    COMPANY'S PLAN AND TO ASSIST WITH THE TAX TREATMENT AND

6    CLASSIFICATION OF SAME IN ALL BANKRUPTCY RELATED

7    MATTERS.

8          WELL, THAT ALLEGATION FAILS, YOUR HONOR, BECAUSE

9    ACME IS NOT THE PLAINTIFF IN THIS LAWSUIT, MIRABILIS IS THE

10   PLAINTIFF IN THIS LAWSUIT.  THAT ALLEGATION DOES NOT HELP

11   STATE A CLAIM OR FORM THE BASIS FOR A CLAIM.

12         IN PARAGRAPH 32, THE COMPLAINT ALLEGES, BEYER BEGAN

13   CONSULTING OR OTHERWISE ADVISING MIRABILIS AND ITS

14   SUBSIDIARIES.   IT DOESN'T IDENTIFY THE SUBSIDIARIES.  IT

15   DOESN'T STATE WHO RETAINED BEYER.  IT DOESN'T STATE WHAT

16   HE WAS RETAINED FOR.

17         IN PARAGRAPH 34, THE COMPLAINT ALLEGES, BEYER BEGAN

18   CONSULTING OR OTHERWISE ADVISING MIRABILIS AND ITS

19   SUBSIDIARIES REGARDING THE PBS PLAN AND THE

20   IMPLEMENTATION OF THE SUNSHINE COMPANY'S PLAN.  AGAIN, WE

21   HAVE AN ALLEGATION OF UNNAMED SUBSIDIARIES AND THE

22   ALLEGATION THAT HE BEGAN CONSULTING OR OTHERWISE

23   ADVISING MIRABILIS AND SUBSIDIARIES REGARDING THE PBS PLAN

24   AND IMPLEMENTATION OF THE SUNSHINE COMPANY'S PLAN, DOES

25   NOT ESTABLISH THAT MIRABILIS HIRED HANS BEYER FOR ANY

6

1    SPECIFIC PURPOSE. AGAIN, YOU CANNOT TELL FROM THIS

2    ALLEGATION WHAT IT IS THAT THEY CLAIM HE WAS HIRED TO DO.

3         PARAGRAPH 36, THEY SAY BEYER DRAFTED A PLAN OF

4    ORGANIZATION ON BEHALF OF MIRABILIS, BUT DISCLOSED THEM

5    AS A PROSPECTIVE CREDITOR, WHICH IS CLEARLY A CONFLICT OF

6    INTEREST. AND THEY'VE ATTACHED AN EXHIBIT THAT PURPORTS

7    TO SUPPORT THAT ALLEGATION. AND IF YOU LOOK AT THE

8    EXHIBIT, YOUR HONOR, WHAT IT IS: IT'S DRAFT BANKRUPTCY

9    SCHEDULES. BUT AGAIN, THERE IS NO ALLEGATION HERE AS TO

10   WHAT THIS CONFLICT OF INTEREST WAS OR HOW OR IN ANYWAY

11   THAT THAT CONFLICT OF INTEREST DAMAGED MIRABILIS.

12        WE HAVE AN ALLEGATION IN PARAGRAPH 42 THAT BEYER

13   ATTENDED MEETINGS WITH THE IRS. OKAY.

14        PARAGRAPH 44, ON JULY 1, 2006, AFTER RECEIVING ADVICE

15   FROM BEYER AND OTHER PROFESSIONALS, MIRABILIS AND AEM

16   ACQUIRED THE PEO BOOK OF BUSINESS, ITS FINANCIAL AFFAIRS

17   AND THE PEO OPERATION.

18        AGAIN, JUDGE, NO DESCRIPTION, NO DEFINITION OF WHAT

19   THIS PURPORTED ADVICE WAS AND WE HAVE AN ALLEGATION

20   REGARDING MIRABILIS AND AEM, A NON-PARTY TO THIS LAWSUIT.

21   THIS DOES NOT SATISFY THE ELEMENTS OF A CLAIM FOR

22   MALPRACTICE.

23        FINALLY, YOUR HONOR, IN PARAGRAPH 45, AEM AND

24   MIRABILIS, TOOK OVER THE PEO BOOK OF BUSINESS WITH THE

25   BELIEF THAT THEIR ACTIONS WERE LEGAL AND PROPER BASED ON

1     THE REPRESENTATIONS OF BEYER AND OTHER PROFESSIONALS.

2          IF WE BEND OVER BACKWARDS AND READ THIS AS

3     CHARITABLY AS WE POSSIBLY CAN IN FAVOR OF ALLEGING

4     SOMETHING INTELLIGENABLE.  LET'S SAY MIRABILIS HIRED BEYER

5     TO ADVISE IT AS TO WHETHER IT'S ACTIONS WERE LEGAL AND

6     PROPER.  WHAT DOES THAT MEAN?  LEGAL AND PROPER

7     ACCORDING TO WHAT?  EMPLOYMENT LAWS?  LABOR LAWS?  TAX

8     LAWS?  ANTITRUST LAWS?  WHO KNOWS?

9          AND JUDGE, THAT'S IT.  THE NEXT SECTION GOES ON TO

10    DESCRIBE THE USA CIVIL FORFEITURE ACTION AND THEN WE HAVE

11    FOUR SEPARATE COUNTS IN WHICH ALL OF THOSE FACTUAL --- AND

12    LET THE RECORD REFLECT I'M MAKING UNIVERSAL SIGN FOR

13    QUOTES WHEN I SAY FACTUAL --- FACTUAL ALLEGATIONS ARE

14    INCORPORATED AND YOU HAVE CONCLUSORY ALLEGATIONS.

15         JUDGE, THOSE FACTUAL ALLEGATIONS DO NOT SATISFY THE

16    ELEMENTS OF A CLAIM FOR LEGAL MALPRACTICE AND AGAIN, YOU

17    CAN READ THIS 100 TIMES AND YOU WON'T SEE THE ELEMENTS

18    THERE.

19         I MENTIONED IN THE MOTION TO DISMISS AND THE MEMO

20    THAT IN ADDITION TO THE FLAWS WITH THE ALLEGATIONS,

21    ANOTHER FLAW IS THIS COMPLAINT ATTACHES EXHIBITS AND I

22    WON'T GO THROUGH ALL OF THEM TODAY, BUT I DO WANT TO

23    MENTION A COUPLE OF THEM BECAUSE THE EXHIBITS ARE

24    INCONSISTENT WITH THE VERY ALLEGATIONS THAT THEY ARE

25    INTENDED TO SUPPORT.

1          EXHIBIT B, FOR EXAMPLE, IS A MEMORANDUM FROM FRANK

2     OMODEO TO RICHARD BERMAN REGARDING THE SUNSHINE

3     COMPANIES.  YOU WON'T SEE ANY MENTION OF MIRABILIS, THE

4     PLAINTIFF IN THIS CASE IN THIS MEMO.  THE ONLY MENTION OF

5     HANS BEYER IS THAT HE SUPPOSED TO MEET WITH CHRIS

6     O'CONNOR AND SHANE WILLIAMS ON JANUARY 6, 2005, WHICH IS

7     INCONSISTENT WITH THE ALLEGATION THAT BEYER WAS

8     PROVIDING LEGAL ADVICE DURING HIS EMPLOYMENT WITH SACHS

9     AND GILMORE, WHICH IS ALLEGED NOT TO HAVE BEGUN UNTIL

10    FEBRUARY OF 2005.  THAT'S AN IMPORTANT POINT, YOUR HONOR,

11    BUT THE MORE IMPORTANT POINT, I THINK, IS THAT THAT'S NO

12    MENTION WHATSOEVER IN THIS MEMORANDUM OF THE PLAINTIFF

13    IN THIS CASE OR AGAIN, THE FUNDAMENTAL ELEMENT THAT THE

14    PLAINTIFF IN THIS CASE, MIRABILIS, HIRED HANS BEYER FOR ANY

15    PARTICULAR PURPOSE.

16          PARAGRAPH 35 ALLEGES THAT BEYER COMPLETED DRAFTS

17    OF BANKRUPTCY PETITION SCHEDULES, WHICH ACKNOWLEDGE

18    THE INCREASING TAX LIABILITY OF PBS AND PARIDYME IN

19    ADVANCE OF A POTENTIAL DECISION TO FILE BANKRUPTCY ON

20    BEHALF OF PSI AS PART OF THE PBS PLAN, A TRUE AND CORRECT

21    COPY OF A PROPOSED PLAN OF REORGANIZATION REGARDING ONE

22    OF THE SUNSHINE COMPANIES, INCLUDING TREATMENT OF THEIR

23    TAX CLAIM, IS ATTACHED AS EXHIBIT C.

24          WELL, IF WE LOOK AT EXHIBIT C, IT IS A PLAN OF

25    REORGANIZATION SUBMITTED BY A COMPANY CALLED KINGDOM

1    VISION NETWORK, INC.  THIS IS THE ONLY PLACE YOU WILL SEE

2    KINGDOM VISION NETWORK, INC. MENTIONED.

3         KINGDOM VISION NETWORK, INC. IS NOT ALLEGED TO BE ONE

4    OF THE SUNSHINE COMPANIES.  IT IS NOT ALLEGED TO BE PART OF

5    THE SUNSHINE COMPANY'S PLAN, IS NOT ALLEGED TO BE PART OF

6    THE PBS PLAN.  THIS ATTACHMENT HAS NOTHING TO DO WITH THE

7    ALLEGATIONS OF THIS COMPLAINT.

8         JUDGE, THOSE ARE THE ONLY EXHIBITS I WANT TO MENTION

9    SPECIFICALLY.  THE OTHER EXHIBITS ALSO WE DON'T THINK

10   SUPPORT THE ALLEGATIONS, BUT AGAIN, IF WE LOOK AT THE

11   ALLEGATIONS OF FACT THAT THEY ARE TRYING TO MAKE, THEY

12   DON'T SATISFY THE BASIC ELEMENTS OF FLORIDA LAW THAT

13   MIRABILIS HIRED HANS BEYER FOR A SPECIFIC PURPOSE AND THAT

14   HE DID OR FAILED TO DO SOMETHING THAT CAUSED DAMAGES.

15   THAT FLAW PERMEATES THE ENTIRE COMPLAINT.

16        IF THEY DON'T HAVE THOSE ALLEGATIONS, ALL OF THE

17   OTHER COUNTS FAIL.  BUT LET ME JUST BRIEFLY TALK ABOUT

18   SOME SPECIFIC PROBLEMS WITH THE OTHER COUNTS.

19        WITH RESPECT TO ALL COUNTS, COUNT ONE, TWO, THREE,

20   FOUR AND FIVE, EACH AND EVERY ONE SEEKS DAMAGES INCURRED

21   BY NON-PARTIES.  COUNTS ONE, TWO, THREE AND FOUR, ALL

22   ALLEGE MBI, IT'S SUBSIDIARIES AND RELATED COMPANIES HAVE

23   SUFFERED DAMAGE TO THEIR PROPERTY AS WELL AS ITS

24   CREDITORS.

25        COUNT FIVE ALLEGES A BREACH OF DUTY TO MBI, ITS

10

1    SUBSIDIARIES AND RELATED COMPANIES AND ALLEGES THAT MBI

2    AND ITS RELATED ENTITIES HAVE SUFFERED DAMAGES.  IT IS

3    BLACK LETTER LAW THAT MIRABILIS DOES NOT HAVE STANDING

4    TO ASSERT CLAIMS FOR SUBSIDIARIES OR RELATED COMPANIES OR

5    FOR CREDITORS.  THAT IS A FLAW WITH EACH AND EVERY COUNT

6    IN THIS COMPLAINT.

7         COUNT 3 PURPORTS TO BE A CLAIM FOR NEGLIGENT

8    MISREPRESENTATION.  JUDGE, AS YOU KNOW, THE ADVERSARY

9    RULES INCORPORATE RULE 9B OF THE FEDERAL RULES OF CIVIL

10   PROCEDURE, THAT RULE REQUIRES THAT CLAIMS FOR FRAUD BE

11   PLED WITH PARTICULARITY AND CASE LAW, UNDISPUTED CASE

12   LAW, ESTABLISHES THAT A CLAIM FOR NEGLIGENT

13   MISREPRESENTATION SOUNDS IN FRAUD AND IN FEDERAL COURT IS

14   GOVERNED BY RULE 9B.

15        CASE LAW INTERPRETING RULE 9B SAYS THAT IN ORDER TO

16   STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION WITH

17   PARTICULARITY, A PLAINTIFF MUST ALLEGE PRECISELY WHAT

18   STATEMENTS WERE MADE AND WHAT DOCUMENTS OR ORAL

19   REPRESENTATIONS OR WHAT OMISSIONS WERE MADE TO THE TIME

20   AND PLACE OF EACH SUCH STATEMENT AND THE PERSON

21   RESPONSIBLE FOR MAKING THE STATEMENT.

22        THREE, THE CONTENTS OF SUCH STATEMENTS AND THE

23   MANNER IN WHICH THEY MISLEAD THE PLAINTIFF, AND FOUR,

24   WHAT THE DEFENDANT OBTAINED AS A CONSEQUENCE OF THE

25   FRAUD.

11

1        THIS COMPLAINT NOT ONLY FAILS TO DO THAT, IT DOESN'T

2  EVEN ATTEMPT TO DO THAT.  IF YOU WANT TO, AGAIN, BEND OVER

3  BACKWARDS AND READ THIS AS CHARITABLY AS YOU CAN, YOU

4  CAN SAY WELL, THEY'RE TRYING TO ALLEGE A CLAIM THAT MR.

5  BEYER NEGLIGENTLY MISREPRESENTED THAT THE SUNSHINE

6  COMPANY'S PLAN WAS LEGAL, WHATEVER THAT MEANS.

7  WHATEVER THAT MIGHT MEAN, IT DOES NOT COMPLY WITH RULE

8  9B, IT DOES NOT STATE A CLAIM.

9        AND FINALLY, JUDGE, COUNT 5 PURPORTS TO BE A CLAIM

10  FOR NEGLIGENT SUPERVISION.  AGAIN, ALL COUNT 5 DOES IS

11  INCORPORATE THE PRIOR ALLEGATIONS AND SAY:  OH BY THE

12  WAY, SACHS AND GILMORE WAS NEGLIGENT IN ITS SUPERVISION

13  OF MR. BEYER, BUT CASE LAW REQUIRES MORE THAN THAT, YOUR

14  HONOR.  CASE LAW REQUIRE PROOF AND, OF COURSE, BEFORE

15  PROOF ALLEGATIONS THAT AN EMPLOYER IS AWARE OR SHOULD

16  BE AWARE OF PROBLEMS WITH AN EMPLOYEE THAT INDICATED HIS

17  UNFITNESS AND THAT THE EMPLOYER FAILED TO TAKE ACTIONS

18  SUCH AS INVESTIGATION, DISCHARGE OR REASSIGNMENT.  WE

19  DON'T HAVE ANY OF THOSE ALLEGATIONS IN THIS CASE.

20        JUDGE, I CAN'T SAY ANYTHING MORE WITHOUT REPEATING

21  MYSELF AND I DON'T WANT TO DO THAT AND I KNOW YOU DON'T

22  WANT ME TO DO THAT.

23        BUT THIS COMPLAINT JUST DOESN'T CUT IT.  IT DOESN'T

24  EVEN COME CLOSE.  IT DOES NOT STATE ANY OF THE ELEMENTS OF

25  ANY OF THE CLAIMS THAT IT IS ATTEMPTING TO CLAIM.

12

1     ON ANOTHER NOTE, I JUST WANT TO CORRECT SOMETHING

2   THAT WAS SAID EARLIER, NOT RELEVANT TO THIS ARGUMENT, BUT

3   MS. GREEN SAID THAT MR. BEYER WAS A DIRECTOR OF MIRABILIS,

4   THAT'S NOT TRUE.  HE WAS NOT AND HE'S NOT EVEN ALLEGED TO

5   BE.

6     THE COURT:  THANK YOU.

7     MR. VARNER:  THANK YOU.

8     THE COURT:  WAS THAT A MISSTATEMENT, IF IT WAS, I

9   WOULD LIKE TO KNOW.

10     MR. LUNA:  HE WAS A DIRECTOR OF THE SOME OF THE

11   SUBSIDIARIES, YOUR HONOR.

12     THE COURT:  THANK YOU.  AND MS. EDEN.

13     MS. EDEN:  THANK YOU.  GOOD AFTERNOON, YOUR HONOR.

14     THE COURT:  GOOD AFTERNOON.

15     MS. EDEN:  YOUR HONOR, I'M NOT GOING TO BELABOR THE

16   BASIS CASE LAW REGARDING THE RULES IN FEDERAL PROCEDURE

17   OTHER THAN THE NEGLIGENT MISREPRESENTATION, WHICH I'LL

18   GET TO IN A MOMENT, WHICH REQUIRE UNDER RULE 8B, A SHORT

19   CLAIM, CLEAR, CONCISE STATEMENT OF THE CASE.

20     THE REASON --- YOUR HONOR, I WOULD LIKE TO POINT TO

21   THE COMPLAINT.  THE REASON THE COMPLAINT DISCUSSES OTHER

22   ENTITIES IN THIS MATTER AND I THINK WE FAIL TO LOOK AT THE

23   FIRST PARAGRAPHS WHICH SET FORTH MR. BEYER

24   REPRESENTATION AND WHO HE ACTUALLY DID REPRESENT.  I

25   THINK THAT'S A FAIR QUESTION.

1    IF YOU'LL NOTICE ON PAGE THREE OF THE COMPLAINT, IT

2    STARTS WITH THE SUNSHINE COMPANY AND DISCUSSES HOW THE

3    SUNSHINE COMPANIES AND PERSIDIAN COMPANIES CAME INTO

4    EXISTENCE.

5    THE REASON THAT'S IMPORTANT AND WE'RE NOT BRINGING

6    CLAIMS OR OTHER THING THAT WAS DONE ON BEHALF OF THE

7    SUNSHINE COMPANIES OR PERSIDIAN, BUT IT GETS INTO SPECIFIC

8    DETAIL UNDER THESE CLAIMS AS TO HOW THE SUNSHINE

9    COMPANIES AND PERSIDIAN WERE GOING TO PROCEED FORWARD

10   AND NEED A CORPORATION SUCH AS MIRABILIS TO EFFECTUATE

11   BASICALLY A PAYBACK PLAN OF ALL PAST TAXES THAT WERE DUE

12   AND OWING.

13   AND SPECIFIC, I WOULD POINT THE COURT TO PAGE 5,

14   PARAGRAPH 23, WHERE IT SAYS THE PBS PLAN WOULD UTILIZE

15   MIRABILIS AND SPECIFICALLY AEM, WHICH IS A WHOLLY OWNED

16   SUBSIDIARY OF MIRABILIS TO ACQUIRE AND REHABILITATE THE

17   PERSIDIAN PEO BOOK OF BUSINESS. ONE OF WHICH, BY THE WAY,

18   INCLUDES THE BANKRUPTCY SCHEDULE THAT WAS ATTACHED.

19   A KEY ELEMENT OF THE REORGANIZATION PLAN CALLED

20   FOR THE INTERIM NON-PAYMENT OF FEDERAL EMPLOYMENT

21   TAXES BY PBS. THE NEXT PARAGRAPH SAYS THE COLLECTED

22   TAXES WOULD THEN BE TRUTHFULLY REPORTED, BUT NOT

23   REMITTED. IT GOES ON TO SAY THE COLLECTED, YET UNPAID

24   TAXES, WOULD THEN BE USED TO FUND THE PEO OPERATIONS,

25   PARTICULARLY PAYING WORKERS' COMPENSATION INSURANCE

1    PREMIUMS, REORGANIZE ADVISORS AND SECURING CREDITORS.

2         PARAGRAPH 27 SAYS THIS WOULD ALLOW THE BUSINESS TO

3    CONTINUE UNTIL IT WAS RESTORED TO A POSITION WHEREIN IT

4    COULD PAY ALL OF ITS OUTSTANDING LIABILITIES INCLUDING THE

5    OUTSTANDING TAX LIABILITIES.

6         TWENTY-EIGHT, IN ORDER FOR THE PBS PLAN TO BE

7    ACCOMPLISHED, THE SUNSHINE PLAN WOULD HAVE TO BE

8    FINALIZED DRAWING THE TWO PLANS TOGETHER.

9         AND MOST IMPORTANTLY, YOUR HONOR, PARAGRAPH 29.

10   THE PBS PLAN AND SUNSHINE PLAN WERE THEN BROUGHT TO THE

11   ATTENTION OF MIRABILIS FOR CONSIDERATION.  IT GOES ON TO

12   STATE THAT MR. BEYER WAS ORIGINALLY RETAINED BY AQMI.

13   YOUR HONOR, THAT'S THE CONSULTING COMPANY THAT

14   ACTUALLY ESTABLISHED THE PBS PLANS AND THE SUNSHINE PLAN

15   AND IN DOING THAT, NEEDED TO HAVE A CORPORATION SUCH AS

16   MIRABILIS WHO WOULD BE ABLE TO EFFECTIVELY COMPLETE ALL

17   OF THE ITEMS I JUST WENT THROUGH IN PARAGRAPH 23 THROUGH

18   30 --- EXCUSE ME --- THROUGH 29.

19        IT THEN GOES ON TO STATE IN PARAGRAPH 31, MR. BEYER

20   WAS AN EMPLOYER OF SACHS AND GILMORE AT THE TIME.

21        AND PARAGRAPH 32, THAT IN EARLY 2005, DRAWING UPON

22   HIS KNOWLEDGE OF COMMON ISSUES OF FACT AND LAW FROM THE

23   SUNSHINE COMPANY'S PLAN, BECAUSE WE'VE PREVIOUSLY

24   STATED THAT HE WAS HIRED BY AQMI TO GIVE LEGAL ADVICE

25   REGARDING THE LEGALITY OF THE SUNSHINE PLAN, HE THEN

15

1    STARTED CONSULTING AND OTHERWISE ADVISING MIRABILIS AND

2    THE SUBSIDIARIES.

3        IT GOES FURTHER THOUGH.  IT ALSO STATES THAT BEYER

4    WAS HIRED TO DISCUSS THE TAX IMPLEMENTATION, THE TAX

5    PLANS.  WELL, THAT'S THE WHOLE PURPOSE, YOUR HONOR, AS

6    WE'VE STATED AT THE BEGINNING OF THIS COMPLAINT, BEHIND

7    THE SUNSHINE PLAN AND THE PBS PLAN, IT WAS TO EFFECTUATE A

8    PAYBACK OF PAYROLL TAXES BY DOING WHAT'S LISTED IN

9    PARAGRAPHS 23 THROUGH 29.

10       AND IT WAS THIS ADVICE AND IT CLEARLY STATES HE'S THE

11   ONE THAT ADVISED MIRABILIS AS TO THE TAX ISSUES AND HOW HE

12   WAS GOING TO IMPLEMENT THE SUNSHINE COMPANY'S PLAN THE

13   PBS PLAN.

14       WHILE THOSE ARE SEPARATE ENTITIES, YOUR HONOR, IT

15   CLEARLY CONTEMPLATED AND OUR COMPLAINT CLEARLY

16   ESTABLISHES THAT MIRABILIS WAS SOLD THAT IDEA OF ENTERING

17   INTO THE SUNSHINE PLAN AND THE PBS PLAN IN ORDER TO BE THE

18   COMPANY THAT WENT OUT AND PURCHASED OTHER COMPANIES

19   AND ALLOWED MONEY TO COME IN THROUGH IT, THROUGH THE

20   NON-PAYMENT OF PAYROLL TAXES, USE THAT MONEY AND THEN

21   EFFECTUATE GIVING THE MONEY BACK TO PERSIDIAN AND HAVING

22   THEM BE ABLE TO PAY BACK THEIR BACK TAXES.

23       YOUR HONOR, IN ADDITION TO THAT --- SO I THINK WE'VE

24   GONE BEYOND WHAT WE NEED TO DO AND I THINK THE LAW IS

25   VERY, VERY CLEAR --- AND I CITED MOST THE AXIOMATIC CASES

16

1    REGARDING WHAT I NEED TO DO TO ESTABLISH A PLAIN, SHORT

2    AND CONCISE STATEMENT OF FACTS IN THIS CASE.

3        AS YOUR HONOR KNOWS, I CAN'T BELIEVE HOW MANY CASES

4    HAVE COME OUT OF THIS IN THE ADVERSARY PROCEEDINGS, BUT

5    THIS IS A VERY COMPLICATED, EXTREMELY DIFFICULT CASE AND

6    I'M SURE YOU'VE HEARD THAT THERE ARE BOXES AND BOXES OF

7    DOCUMENTS.

8        FOR NOW, WE'VE GONE THROUGH AND DONE WHAT I

9    BELIEVE IS BEYOND WHAT THE FEDERAL RULES OF PLEADING

10   REQUIRE IN THIS CASE AND SET FORTH THE BACKGROUND AS TO

11   WHY THE ADVICE THAT MR. BEYER WHILE BEHALF OF SACHS AND

12   GILMORE, WHY HIS ADVICE THAT HE GAVE US THAT THERE WAS

13   THE LEGALITY OF THE SUNSHINE PLAN AND THE PBS PLAN AND

14   THAT HE DID GIVE US TAX ADVICE ON MIRABILIS, ACQUIRING  AND

15   GOING FORWARD WITH THE SUNSHINE PLAN AND PBS PLAN,

16   CLEARLY CAUSED MIRABILIS DAMAGE BY THE FACT THAT IT IS

17   NOW SHUTDOWN AND IS SUBJECT TO HAVING TO PAY BACK, YOU

18   KNOW, SUMS OF MONEY THAT CAME THROUGH IT, THROUGH THE

19   PBS AND SUNSHINE PLANS.  I THINK IT'S CLEAR WHAT WE'VE

20   STATED IN HERE THAT MR. BEYER GAVE ADVICE ON.

21       I FIND IT INTERESTING TO NOTE THAT WE DISCUSSED SOME

22   OF THE ATTACHMENTS THAT WERE TO THE COMPLAINT, BUT WE

23   FAILED TO ESTABLISH AND TALK ABOUT ONE OF THE KEY

24   DOCUMENTS IN THIS, AND THAT IS, THE LEDGER SHOWING THAT

25   SACHS AND GILMORE FIRM, THROUGH THE PERIODS OF TIME THAT

17

1    I'VE GONE THROUGH THE COMPLAINT, AND THE PERIODS OF TIME

2    WHERE HE WAS GIVING LEGAL ADVICE ON THE LEGALITY OF THE

3    SUNSHINE PLAN, ON THE TAX MATTERS, THEY WERE PAID

4    $271,000.00, AND THE LEDGER CLEARLY SHOWS THAT MONEY WENT

5    TO MIRABILIS FOR MR. BEYER'S REPRESENTATION OF MIRABILIS.

6        IT DIDN'T COME --- THOSE BILLS WERE NOT SENT TO THE

7    OTHER COMPANIES. IT WASN'T SENT TO ANY OF THE SUBSIDIARIES,

8    THOSE BILLS WENT DIRECTLY TO MIRABILIS AND WERE PAID BY

9    MIRABILIS.

10        YOUR HONOR, NEXT WE TALKED ABOUT WHETHER OR NOT

11    YOU COULD HAVE UNDER THE CASE OF PLEADING NEGLIGENT

12    MISREPRESENTATION REQUIRES A MORE STRINGENT PLEADING

13    AND THERE'S ONE COUNT IN OURS OF NEGLIGENT

14    MISREPRESENTATION. THERE IS SOME DISCUSSION THAT I'VE HAD

15    IN THE CASES THAT I SEE THAT SAY THERE IS A DIFFERENCE

16    BETWEEN THE PLEADING OF A NEGLIGENT MISREPRESENTATION

17    AND ONE SOUNDING IN FRAUDULENT MISREPRESENTATION; THE

18    RULES GOVERNING HOW YOU'RE GOING TO HAVE A JURY

19    INSTRUCTION LAW OUT THE DIFFERENT ELEMENTS.

20        THERE'S ALSO A CASE OUT OF THE MIDDLE DISTRICT COURT

21    OF APPEAL, WHICH I BELIEVE THE COURT IS STATING THAT THERE

22    IS SUCH A DIFFERENCE AND FRAUDULENT MISREPRESENTATION

23    THAT YOU MAY BE ABLE TO MAINTAIN FOR A NEGLIGENT

24    MISREPRESENTATION, WHICH DOES NOT REQUIRE ANY

25    FRAUDULENT ELEMENT. THE LESS STRINGENT STANDARD OF AN 8B

18

1    FINDING, IN THAT CASE, YOUR HONOR, I WOULD CITE TO THE

2    COURT WAS FOUND --- AND IT'S IN MY MOTION --- IT'S MURRAY

3    VERSUS ABELL, A-B-E-L-L, AND IT'S FOUND AT --- IT'S GOT THE

4    WESTLAW CITE --- 2005 WESTLAW 2043520, IT'S 2005 MIDDLE

5    DISTRICT CASE, WHEREIN THE COURT MADE THE COMPLAINT, AND

6    THE PLAINTIFF IN THAT MATTER WHO WAS ALLEGING THAT THEY

7    WERE BEING HELD TO A HIGHER STANDARD BECAUSE THEY WERE

8    PROVING FRAUDULENT MISREPRESENTATION AND THE COURT

9    SPECIFICALLY MADE THEM GO BACK AND REPLED STATING THAT

10   THE ELEMENTS FOR FRAUDULENT MISREPRESENTATION WERE

11   DIFFERENT THAN THOSE OF NEGLIGENT MISREPRESENTATION, AND

12   THEN THEY WOULD GET TO THE ISSUE OF WHAT STANDARDS AND

13   WHAT PLEADING STANDARDS WOULD BE REQUIRED BECAUSE IN

14   THAT CASE, THEY HAD PLED BOTH COUNTS, BOTH THE

15   FRAUDULENT MISREPRESENTATION AND A NEGLIGENT

16   MISREPRESENTATION IN ONE COUNT.

17        THEY SAID IT'S EITHER NEGLIGENT OR FRAUDULENT AND

18   THE COURT SAID NO, YOU CAN'T DO THAT.  THERE'S A DIFFERENCE

19   BETWEEN THE TWO.

20        BUT, YOUR HONOR, EVEN WITH THIS STRINGENT STANDARD

21   SHOULD THAT BE REQUIRED, I THINK WE'VE GIVEN --- AND I'VE

22   GONE THROUGH EVERY CASE THAT'S BEEN CITED BY COUNSEL IN

23   SUPPORT OF HIS MOTION --- EVERY CASE THAT'S BEEN CITED ARE

24   CASES, AND I THINK THERE WERE ONLY FOUR THAT FOUND THAT

25   THERE WAS NOT ENOUGH PLEADING REQUIREMENT --- THAT WE

19

1    GIVE DATES AND EXACTLY WHAT THE REPRESENTATIONS WERE.

2        YOUR HONOR, WE'VE SPECIFICALLY STATED THAT THE

3    REPRESENTATIONS WERE THAT THIS PLAN AND THE PBS AND THE

4    SUNSHINE PLANS WERE LEGAL, WHEN, IN FACT, THEY WERE NOT.

5        WE HAVE ALSO GIVEN REPRESENTATION THAT YOU CAN

6    HAVE A MISREPRESENTATION THAT'S AN OMISSION, AND THE FACT

7    THAT HE DID NOT COME, MR. BEYER, WHILE BEING EMPLOYED BY

8    SACHS AND GILMORE AND WHILE BEING PAID BY MIRABILIS, DID

9    NOT COME AND ELICIT ANY CONCERN OR TELL US ANY CONCERN

10   ON BEHALF OF THE BOARD OF DIRECTORS OF MIRABILIS, THAT

11   THERE WAS ANY WRONG WITH GOING AHEAD WITH THESE PBS

12   PLANS.  AND WE'VE LAID OUT VERY CAREFULLY HOW THE PBS AND

13   SUNSHINE PLANS WERE GOING TO WORK AND MIRABILIS'

14   INVOLVEMENT IN THEM.

15       YOUR HONOR, WE'VE ALSO PLED A BREACH OF FIDUCIARY

16   DUTY AND I THINK I HEARD SOME REQUIREMENT THAT THERE WAS

17   A MORE STRINGENT REQUIREMENT UNDER THE 9B THEN YOU

18   WOULD TYPICALLY HAVE IN YOUR LESS STRINGENT.  AND I WOULD

19   CITE TO THE COURT THE CASE OF HALL V. MOTOROLA, AND THAT'S

20   FOUND AT 337 FED. SUPP 2D 1079, WHICH SPECIFICALLY STATES

21   THAT IN A BREACH OF FIDUCIARY DUTY, THERE IS NO 9B

22   REQUIREMENT IF YOU'RE SAYING THAT THE BREACH WAS

23   NEGLIGENCE VERSUS SOUNDING IN FRAUD.

24       YOUR HONOR, THROUGHOUT OUR COMPLAINT, YOU HAVE

25   NOT SEEN ANY ALLEGATIONS OF INTENTIONAL OR FRAUDULENT

1    REPRESENTATIONS BEING MADE BY MR. BEYER, BUT YOU DO HAVE

2    THE REPRESENTATIONS BY MR. BEYER AS SET FORTH, NOT ONLY IN

3    PARAGRAPHS NINE THROUGH 23 --- EXCUSE ME --- NINE THROUGH

4    29, WHICH WERE NOT BROUGHT TO THE COURT WHICH SETS OUT

5    THE WHOLE PLAN AND HOW IT GOES, BUT YOU'VE GOT THE DUTIES

6    FURTHER SET OUT AFTER WE WENT TO THE SUBSIDIARIES AND THE

7    APPROVAL BY MIRABILIS OF THE PBS PLAN AND THE SUNSHINE

8    PLAN.

9        YOUR HONOR, WITH THESE, I CLEARLY THINK WE'VE SET

10    FORTH, NOT ONLY AS DUTY --- AND I'VE GOT A CASE TO CITE TO

11    THE COURT THAT WAS NOT IN MY MOTION BECAUSE YOU CAN,

12    WITHOUT THE ESTABLISHMENT OF AN ENGAGEMENT LETTER, I

13    BELIEVE I CAN REPRESENT TO THE COURT THAT COUNSEL FOR

14    SACHS AND GILMORE SAID THAT THEY DO HAVE THE ENGAGEMENT

15    LETTER, BUT IT HAS NOT BEEN PROVIDED TO US IN DISCOVERY YET,

16    BUT WITHOUT THAT, YOU CAN EVEN ESTABLISH --- AND IF I MAY

17    APPROACH?

18        THE COURT:  CERTAINLY.

19        MS. EDEN:  YOU MAY ESTABLISH THE EXISTENCE OF AN

20    ATTORNEY-CLIENT RELATIONSHIP WITHOUT AN ENGAGEMENT

21    LETTER, AND IT GOES THROUGH THE FACT THAT YOU HAVE TO

22    LOOK AT WHAT WAS IN THE CLIENT'S MIND AT THE TIME THAT THE

23    ATTORNEY WAS REPRESENTING HIM.

24        I CLEARLY BELIEVE THAT AT THE PLEADING STAGE, AT

25    LEAST IN THIS MATTER, AND THIS CASE WAS AFTER TRIAL AND IT

1    WAS A MIDDLE DISTRICT COURT OF APPEAL CASE, BUT IN THE

2    PLEADING OF THIS MATTER TO SET FORTH AS WE HAVE THE IDEA

3    THAT MR. BEYER WAS HIRED AT THE BEGINNING OF THE SUNSHINE

4    PLAN AND THE PBS PLAN TO THEN TAKE IT TO MIRABILIS, IT'S

5    CLEAR THAT HE WAS ACTING ON BEHALF OF MIRABILIS AND

6    ACCEPTING REMUNERATION BY THE FACT THAT MIRABILIS AS FAR

7    --- AND DISCOVERY IS JUST BEGINNING, YOUR HONOR.  WE HAVE

8    NOT GONE THROUGH ALL THE DOCUMENTS --- BUT IN JUST WHAT

9    WE FOUND, GOT PAID BETWEEN 2004 AND 2005, $271,000.00 FOR HIS

10   LEGAL SERVICES TO MIRABILIS.

11        SO I CLEARLY THINK THAT GOING BEYOND ATTACHING

12   WHAT WE'VE ATTACHED, WE'VE GONE BEYOND WHAT WE WOULD

13   BE REQUIRED TO DO AND IN THE EVENT THAT WE DO NOT HAVE

14   THE ENGAGEMENT LETTER THAT I BELIEVE IS IN THEIR POSSESSION

15   AND WE DO NOT HAVE, WE'VE BEEN ABLE TO ESTABLISH HOW

16   MIRABILIS CAN BELIEVE THAT IT WAS BEING REPRESENTED BY

17   BEYER REGARDING THE PBS AND THE SUNSHINE PLAN AND THE

18   TAX MATTERS WHICH ARE CLEARLY DELINEATED IN THIS

19   COMPLAINT.

20        AND IT'S BECAUSE OF THOSE REPRESENTATIONS AND LACK

21   OF TELLING US THAT THERE WAS ANYTHING ILLEGAL WITH THOSE

22   REPRESENTATIONS THAT MIRABILIS HAD SUFFERED DAMAGES,

23   AND I THINK WE'VE MET ALL OF THE ELEMENTS OF THAT IN THIS

24   COMPLAINT.

25        FINALLY, YOUR HONOR, I BELIEVE THEY'VE STATED THAT

1    WE'VE ASKED FOR --- IT SAYS EVERYBODY'S BEEN DAMAGED IN

2    THE WHEREFORE CLAUSES --- WE'RE COMING ON BEHALF OF

3    MIRABILIS, THERE'S NO WHEREFORE CLAIM. YOU CAN SEE THE

4    PLAINTIFF IN THIS CASE, BUT WE'RE NOT BRINGING IT ON BEHALF

5    OF OTHER SUBSIDIARIES, IT MIRABILIS THAT PAID THE BILLS,

6    THAT'S WHY WE ATTACHED THE BILLING THAT HAD GONE TO

7    SACHS AND GILMORE THAT WE'VE FOUND SO FAR THAT

8    ESTABLISHES, AS I'VE SAID, THE REPRESENTATION OF MIRABILIS,

9    NOT AEM, NOT ANY OF THE OTHER COMPANIES, BUT THE

10   PLEADINGS THAT WERE ATTACHED --- EXCUSE ME --- THE EXHIBITS

11   THAT WERE ATTACHED TO THIS COMPLAINT, YOUR HONOR,

12   CLEARLY ESTABLISHED THE SCHEME, THE WHOLE IDEA OF HOW

13   MR. BEYER AND THE LAW FIRM OF SACHS AND GILMORE

14   CERTAINLY KNEW THAT IN PREPARING THE SUNSHINE PLANS AND

15   PASSING ON THE LEGALITY OF THE SUNSHINE PLANS AND

16   WHETHER OR NOT THERE WERE ANY TAX CONSEQUENCES AND IT

17   WAS PROPER FOR US TO GO FORWARD WITH THE IMPLEMENTATION

18   OF THE SUNSHINE AND PBS PLANS IN 2006, THAT IN RELIANCE ON

19   THOSE REPRESENTATIONS AND RELIANCE ON MR. BEYER'S

20   REPRESENTATIONS AND LEGAL ADVICE AND LEGAL ADVICE

21   REGARDING THE TAX RAMIFICATIONS, THAT WE WERE DAMAGED.

22       AND I THINK THE COMPLAINT CLEARLY SETS FORTH WHAT

23   WE'VE DONE. I THINK, IN FACT, EVEN IF YOU WERE TO LOOK AT

24   THE 9B STANDARD FOR THE ONE COUNT, BECAUSE THERE WAS ONE

25   COUNT OF NEGLIGENT MISREPRESENTATION, WHICH WOULD BE

23

1    THE ONLY COUNT THAT THE HEIGHTENED STANDARD WOULD

2    APPLY TO, I THINK WE'VE LISTED THE TIMES, DATES.

3         AND INTERESTINGLY ENOUGH, ANOTHER EXHIBIT WE DIDN'T

4    TALK ABOUT IS AN EXHIBIT CLEARLY SHOWING THE FLIGHT

5    INFORMATION OF MR. BEYER GOING DOWN TO MIAMI AND IN THE

6    NOTES IT SAYS:  REPRESENTING MIRABILIS IN FRONT OF THE IRS.

7         AS YOUR HONOR KNOWS THE WHOLE REASON THAT MR.

8    OMODEO HAS BEEN INDICTED AND THE REASON THAT MIRABILIS IS

9    BEING LOOKED IT, IT HAS TO DO WITH IRS AND THE PAYMENT OF ---

10   THE NON-PAYMENT OF PAYROLL TAXES.  SO CLEARLY HE WAS

11   INVOLVED IN US BEING DAMAGES AND HAVING TO BE CALLED TO

12   ANSWER FOR TAXES OF OTHER COMPANIES.

13        AND THAT'S CLEARLY THE ADVICE THAT WE'VE ALLEGED IN

14   OUR COMPLAINT THAT HE WAS GIVING, THAT HE PASSING ON THE

15   LEGALITY OF THOSE ADVICES, THAT HE RECEIVED MONEY FROM

16   MIRABILIS, NOT ANY OTHER CORPORATIONS, THAT HE RECEIVED

17   MONEY AND REMUNERATION FOR HIS SERVICES IN RENDERING

18   THAT LEGAL ADVICE AND THAT HE GAVE IMPROPER LEGAL

19   ADVICE, NOT FRAUDULENT, BUT THERE WAS A

20   MISREPRESENTATION AND WE'VE BEEN DAMAGED AS A RESULT.

21        SO I BELIEVE IN THE FOUR-CORNERS OF THE COMPLAINT AND

22   GIVEN THE LOW STANDARD OF EVERYTHING OTHER THAN THE

23   NEGLIGENT MISREPRESENTATION, WE HAVE CLEARLY MET OUR

24   BURDEN AND OBVIOUSLY, IN ALL OF THE CASES THAT WERE CITED

25   BY OPPOSING COUNSEL IN THIS IN SUPPORT OF THEIR MOTION,

24

1    EACH TIME THE COURT HAS ALLOWED AN AMENDMENT TO THE

2    PLEADING, IF SOMETHING NEEDS TO BE CLARIFIED OR A MOTION

3    FOR MORE DEFINITE STATEMENT, THIS IS NOT A CASE WHERE THE

4    CASE SHOULD BE DISMISSED WHEN DISCOVERY HAS NOT EVEN

5    STARTED BECAUSE THE AXIOM OF ALL THE ORIGINAL CASES IN THE

6    SUPREME COURT OF THE UNITED STATES SAYS AT THIS TIME,

7    WITHOUT GETTING INTO DISCOVERY IN WHAT YOU'RE GOING TO

8    HAVE, YOU DON'T HAVE TO DO A WHOLE LOT.

9        YOU HAVE TO SET FORTH SO THAT THEY CAN KNOW AND

10   THEY CAN BE CALLED UPON TO ANSWER FOR WHAT WE SAY THAT

11   THEIR MALPRACTICE, WHAT WE SAY THAT THEIR NEGLIGENCE IS,

12   AND YOU CAN LOOK AT THIS COMPLAINT ONE TIME, NOT 100, AND

13   YOU CAN CLEARLY SHOW THAT THE ADVICE THAT WE WERE GIVEN

14   ON IMPLEMENTING THE SUNSHINE AND PBS PLANS CLEARLY

15   CAUSED US DAMAGE AND WAS CLEARLY THE REPRESENTATION

16   THAT WE ENGAGED MR. BEYER AND SACHS AND GILMORE FOR.

17       THE COURT:  THANK YOU.

18       MS. EDEN:  THANK YOU.

19       THE COURT:  THANK YOU VERY MUCH.

20       I'M GOING --- SINCE WE'VE BEEN AT THIS A WHILE AND I

21   NEED TO LOOK AT THE RESPONSE THAT WAS FILED IN LIGHT OF

22   THE ARGUMENT TODAY, I AM GOING TO LOOK AT THE AMENDED

23   COMPLAINT AND THE MOTION TO DISMISS AND THEN THE

24   RESPONSE TO THE MOTION TO DISMISS.  IT WILL NOT BE LONG, A

25   WEEK OR SO AT THE MOST.  AND I WILL ISSUE AN ORDER AS TO THE

25

1  MOTION TO DISMISS.

2      MR. VARNER:  THIRTY SECONDS TO RESPOND.

3      THE COURT:  THIRTY SECONDS.

4      MR. VARNER:  YOU CAN TIME IT.  THE ATTACHMENT OF THE

5  LEDGER DOESN'T ESTABLISH ANYTHING.  THE ATTACHMENT OF

6  THE LEDGER IF WE TAKE IT AT FACE VALUE SHOWS $271,000.00

7  WERE PAID TO SACHS AND GILMORE, IT DOESN'T SAY FOR WHAT, IT

8  DOESN'T SAY WHO DID THE WORK.

9      I HEARD MS. EDEN SAY MR. BEYER WAS RETAINED TO

10  EVALUATE TAX ISSUES.  YOU WON'T SEE THAT IN THE PLEADING,

11  JUDGE.

12      THE COURT:  THANK YOU.  I WILL VERY QUICKLY LOOK AT

13  THAT.  I WILL, HOWEVER, JUST FOR TODAY KEEP IT ON THE SAME

14  TRACK AS EVERYTHING ELSE AND SET OVER A STATUS

15  CONFERENCE UNTIL AUGUST THE 26TH AT 2:00.

16      IS THERE ANYTHING ELSE THAT WE NEED TO DO TODAY OR

17  ANYTHING ELSE YOU ANTICIPATE --- I KNOW WE WILL BE BACK ON

18  JULY THE 23RD, BUT OTHER THAN THAT, AND THAN AUGUST THE

19  26TH, IS THERE ANYTHING ELSE WE NEED TO DO TODAY?

20      MS. EDEN:  NO.

21      THE COURT:  VERY GOOD.  I'M GOING TO CLEAN UP MY DESK.

22  THANK YOU FOR YOUR PATIENCE TODAY AND I WILL SEE YOU

23  BACK SOON.

24      (WHEREUPON, THE HEARING WAS CONCLUDED AT 4:35 P.M.)

25

26

CERTIFICATE OF OATH

STATE OF FLORIDA

COUNTY OF SEMINOLE

I, MARGIE A. GREEN, NOTARY PUBLIC, CERTIFY THAT I WAS AUTHORIZED TO AND DID TRANSCRIBE, FROM CD-R, THE FOREGOING PROCEEDINGS AND THAT THE TRANSCRIPT IS A TRUE RECORD

I FURTHER CERTIFY THAT I AM NOT A RELATIVE, EMPLOYEE, ATTORNEY OF COUNSEL OF ANY OF THE PARTIES, NOR AM I FINANCIALLY INTERESTED IN THE ACTION.

DATED THE 13TH DAY OF JULY 2010.


_____

MARGIE A. GREEN

NOTARY PUBLIC – STATE OF FLORIDA

MY COMMISSION NO.:  DD0714428

MY COMMISSION EXPIRES: 9/13/2011