UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In re:**                                    **CASE NO.  6:08-bk-04681-KSJ**

**AEM, INC.**                                 **CHAPTER 11**

Debtor.

_____/

### AEM, INC.'S MOTION FOR SANCTIONS PURSUANT TO
### 11 U.S.C. §105 AND THE BANKRUPTCY COURT'S INHERENT POWER
(Internal Revenue Service)

AEM, INC. ("AEM" or "Liquidating Debtor"), as the Liquidating Debtor in the

above referenced case, hereby moves pursuant to Bankruptcy Code §105 for sanctions

against the Internal Revenue Service ("IRS") in the amount of the  Liquidating Debtor's

attorneys fees for filing and prosecuting Claim No. 4 and the Amended Claim No. 4 (the

"Sanctions Motion") and in support thereof states as follows:

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C.§§ 157 and

1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409.  The statutory predicate for the relief sought herein is §105 and §1141 of

Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.  On June 5, 2008, AEM filed a voluntary petition for reorganization under Chapter

11 of the Bankruptcy Code ("AEM Petition Date")[1].  Prior to the AEM Petition Date, AEM

---

[1] Previously, on May 27, 2008 ("Mirabilis Petition Date"), Mirabilis Ventures, Inc. ("Mirabilis") filed its
voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

had been engaged in the business of providing management and payroll services to employers.

3.  On October 16, 2009, the Bankruptcy Court conducted a hearing ("Confirmation Hearing") to consider the confirmation of the Joint Amended Plan of Liquidation submitted by Mirabilis Ventures, Inc. ("Mirabilis"), Hoth Holdings, LLC and AEM, dated as of August 14, 2009 (Doc. No. 234), and as modified on October 15, 2009 (Doc. No. 371) (collectively, the "Plan").  On October 27, 2009, the Bankruptcy Court entered an order confirming the Plan ("Confirmation Order") (Doc. No. 375).

### IRS CLAIM NO. 4

4.  The Bankruptcy Court established December 2, 2008 as the claims bar date for filing proofs of claim by a governmental unit in the AEM bankruptcy case.

5.  On July 10, 2008, the IRS filed claim no. 4 in the AEM bankruptcy case in the amount of $3,195,661.83 purportedly based upon AEM's 941 tax liability for the second quarter of 2007 ("Claim No. 4").  Claim No. 4 states that it was an unsecured priority claim in the amount of $2,492,059.53 and a general unsecured claim in the amount of $703,602.30. Although the proof of claim form includes a section requiring a secured creditor, including a creditor with a right of setoff, to indicate their secured status, the IRS did not complete the "secured claim" section of the form.  Claim No. 4 did, however, state that the "United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right of setoff …"

6.  The sole basis for Claim No. 4 is the incomplete, unsigned, and inaccurate second quarter of 2007 Form 941 tax return, which was allegedly submitted by Frank Amodeo as "Liquidating Agent" of AEM (the "Second Quarter Form").  Because the Second Quarter Form is not signed or dated, it is unknown when, or if, the form was sent to the IRS.  Frank Amodeo was not the president, vice-president, treasurer, assistant treasurer, chief accounting officer or any other officer, agent, or fiduciary duly authorized to the file 941 quarterly tax returns for AEM.  Furthermore, the Second Quarter Form inaccurately included the wages, income, and payroll tax liabilities of Presidion VI, Inc., Presidion VII, Inc. and National MedStaff, Inc.  AEM was neither responsible nor authorized to file Form 941 tax returns on behalf of these entities.

7.  On October 9, 2009, AEM filed an Objection to Allowance of Claim No. 4 ("AEM IRS Claim Objection") (AEM Doc. No. 162).  The basis for the objection to Claim No. 4 was that the IRS had miscalculated the 941 taxes owed by AEM, and that AEM had actually overpaid its withholding taxes.  AEM filed amended first and second quarter Form 941 tax returns for 2007, which included only the wages, income and payroll tax liabilities of AEM, and requested a refund in the total amount of $25,155,522 (the AEM Refund).  As of the date of filing the Sanctions Motion, the IRS has not disputed the validity or accuracy of the amended first and second quarter Form 941 tax returns for 2007.

8.  The funds transferred by AEM to the IRS as "tax deposits" were property of AEM because all the tax deposits were drawn from AEM's bank account.  Clients of AEM, Presidion VI, Inc., Presidion VII, Inc. and National MedStaff, Inc. deposited funds directly

into AEM's bank account.    These funds were commingled, dissipated, and rendered

untraceable to any particular client of AEM, Presidion VI, Inc., Presidion VII, Inc. or

National MedStaff, Inc.

9. On November 9, 2009, the IRS filed a Response to the AEM IRS Objection (AEM

Doc. No. 179).    In the response, the IRS did not dispute the validity of the claimed

overpayment, but simply requested an opportunity to substantiate the amount of federal

payroll tax deposits.    At this time, the IRS still did not admit the following: (I) Claim No. 4

was based upon an incomplete and unsigned Form 941 tax return; (ii) Claim No. 4 included

Form 941 taxes allegedly owed by other entities; and (iii) the IRS had no evidentiary basis

for the calculation of the alleged unpaid 941 taxes asserted in Claim No. 4.

10. On August 6, 2010, the IRS filed an amended proof of claim without obtaining

leave of court.    The amended proof of claim asserted a setoff right of $1,122,848.29, and an

unsecured priority claim in the amount of $2,072,813.54 (the "Amended Claim No. 4").

Although a violation of the automatic stay, the amended proof of claim attempts to assert a

new secured claim against the Liquidating Debtor based upon the income tax refund owed

to Mirabilis. The amended proof of claim does not assert a setoff right with respect to the

AEM Refund.

## LEGAL ARGUMENT

11. The IRS should be sanctioned for filing and continued to prosecute Claim No.

4 and the Amended Claim No. 4 because: (I) the alleged tax liability is based on an

incomplete and unsigned Form 941quarterly tax return and the IRS has failed to produce

evidence substantiating the assessment; and (ii) the IRS has for almost seventeen months advanced a groundless and patently frivolous claim.

12. Federal Courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008). "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Sunshine Jr. Stores, Inc., 456 F. 3d 1291, 1304 (11th Cir. 2006). Federal statute 11 U.S.C. § 105(a) also gives the court the authority to "*sua sponte*, tak[e] any action or make[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. §105(a) (2005).

13. Under Section 105(a) the court may take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." See id. Thus, a court may impose sanctions if a party violates a court order or rule. See Jove Eng'g, Inc. v. I.R.S., 92 F. 3d 1539, 1542 (11th Cir. 1996).

14. If the court makes a finding of bad faith, sanctions may also be imposed under the bankruptcy court's inherent power. In re Walker, 532 F. 3d at 1309. "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Id. If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith. Barnes v. Dalton, 158

F. 3d 1212, 1214 (11th Cir. 1998).  Further, continually advancing "groundless and patently

frivolous litigation" is "tantamount to bad faith."  Glass v. Pfeffer, 849 F. 2d 1261, 1265 (10th

Cir. 1988).

I.      **THE IRS HAS FAILED TO PRODUCE EVIDENCE SUBSTANTIATING AEM'S ALLEGED TAX LIABILITIES  (FORM 941) FOR THE SECOND QUARTER OF 2007.**

15.  Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), "a proof of claim

executed and filed in accordance with these rules shall constitute prima facie evidence of the

validity and amount of the claim."  If an objection is filed, the objecting party has the burden

of going forward and introducing sufficient evidence to rebut the presumption of validity

created under Rule 3001(f).  "The burden of proof is on the objecting party to produce

evidence equivalent in probative value to that of the creditor to rebut the prima facie effect

of the proof of claim.  However, the burden of ultimate persuasion rests with claimant."  In

re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In

re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

A.  THE IRS CANNOT MEET ITS BURDEN OF PERSUASION.

16.  In the case Cohen v. United States (In re Cohen), 198 B.R.382, 388 (Bankr. S.D.

Fla. 1996), the IRS filed a proof of claim based upon a "processed" unsigned joint income

tax return.  The IRS contended that since a tax liability had been listed on the debtor's

schedule for the period in question, it did not matter that the previously submitted joint

income tax return was unsigned.  See id.  However, the debtor subsequently filed her own

individual tax return with the IRS which showed that no tax was due and requested a refund.

See id. at 385.  The IRS subsequently sent the debtor a letter denying the requested refund, See id.

17.  The debtor argued that the proofs of claim filed by the IRS supersede the schedules and, as such, there was no tax liability for the year 1983.  See id.  The IRS argued: (1) that the proof of claims were only to cover the specifically identified years (not 1983), and relied on the debtor's schedules for the 1983 tax year liability; and (2) that by listing the debt on the schedules, the debtor had "ratified and adopted" her 1983 unsigned joint tax return.  See id. at 385-386.

18.  The bankruptcy court held, as a matter of law, that the IRS proof of claims covered all years, and since such did not include 1983, the tax liability was deemed $0.  See id. at 387.  The bankruptcy court also held that even if the scheduled claim was valid, it would be disallowed because there was no proof or evidence that any tax was due from the debtor for 1983.  See id. at 388.  The IRS had the burden of opposing the debtor's motion for summary judgment by proving a genuine issue of material fact that there was a debt.  See id.  The IRS could not locate the tax return for the debtor, the unsigned joint tax return was not effective and otherwise, they had no proof to show a tax debt was due.  See id. at 389.

19.  In the instant case, Frank Amodeo, allegedly as "Liquidating Agent" for AEM, purportedly submitted the Second Quarter Form.  However, the IRS has produced no documents in respect of the Second Quarter Form and, instead, are relying on an unsigned, undated, and incomplete form that was in the Debtor's records.  Debtor has continually requested the actual complete return from the IRS, but such has never been produced.

Recently, after seventeen months of non-production, the Debtor has attempted to have the IRS admit that it does not have a signed and complete Second Quarter Form.  However, the IRS has ignored such requests.

20. As in <u>Cohen</u>, the IRS has based Claim No. 4 and the Amended Claim No. 4 on a return that is not valid..  Moreover, it is clear that the IRS did not make a reasonable inquiry into the underlying facts of the claim, either before filing or over the past seventeen months. Finally, the IRS has failed to object or even formally respond to AEM's amended first and second quarter Form 941 tax returns for 2007.

21.  The IRS has continually litigated the AEM IRS Claim Objection even though it has no valid evidence to establish the liability.  The IRS has knowingly and/or recklessly pursued this claim by engaging in voluminous discovery, scheduling and taking needless depositions, pretending to perform an audit of the amended first and second quarter Form 941 tax returns for 2007, and refusing to admit that the IRS does not have a complete and signed Form 941 for the second quarter of 2007.

22.  As such, the IRS should be sanctioned pursuant to this Court's inherent power and 11 U.S.C. §105(a) for filing Claim No. 4 and Amended Claim No. 4 without a valid Form 941 quarterly tax return, failing to make a reasonable inquiry into the underlying facts of the claim, and for acting in bad faith by knowingly and/or recklessly raising and continually advancing frivolous arguments.

B. AEM HAS NO OUTSTANDING TAX LIABILITY BECAUSE THE TAX DEPOSITS WERE PROPERTY OF AEM AND ARE SUFFICIENT TO OFFSET ANY TAXES OWED BY AEM.

23.   AEM filed amended first and second quarter Form 941 tax returns for 2007, which included only the wages, income and payroll tax liabilities of AEM, and requested the AEM Refund.   Prior to 2007, AEM, Presidion VI, Inc., Presidion VII, Inc. and National MedStaff, Inc. submitted their own corresponding Form 941 and Form 944 for their clients's employments taxes.   These returns were complete and signed by the appropriate corporate representative of either AEM, Presidion VI, Inc., Presidion VII, Inc. or National MedStaff, Inc. However, in 2007 the Form 941 taxes were prepared incorrectly and apparently only the first quarter Form 941 tax return was completed, while the second quarter Form 941 consists of only the first page. The Liquidating Debtor disputes the accuracy of both returns and filed amended returns to properly report AEM's Form 941 tax liability.

24.   The funds transferred to the IRS as "tax deposits" for the first and second quarter 941 tax returns for 2007 were not trust funds, but rather constituted property of AEM because all the tax deposits were drawn from AEM's bank account.   The clients of AEM, as well as Presidion VI, Inc., Presidion VII, Inc. and National MedStaff, Inc., deposited funds for payroll taxes into AEM's bank account.   These funds were commingled, dissipated, and rendered untraceable to any particular client of AEM, or Presidion VI, Inc., Presidion VII, Inc. and National MedStaff, Inc.

25.   As stated by the District Court in the case Morin v. Frontier Business Technologies, 288 B.R. 663, 673 (W.D.N.Y. 2003), the amounts transferred by the debtor

were not trust funds because they had been commingled with other funds and therefore were not traceable to any particular client. Moreover, addressing the impact of §7501 of the Internal Revenue Code:

> [E]ven if the funds transferred from [the client] to [the debtor] were trust funds at the time of that transfer, once they became commingled with other funds, dissipated, and rendered untraceable, the trust was not destroyed, but rather, it remained with [the client] ... Thus, even if [the debtor] should have segregated the funds it received from [the client], the fact that it did not means that the §7501 trust did not "follow" the dissipated funds, but remained with [the client], the taxpayer, which remained obligated to hold the amount of withheld funds in trust for the United States. See id. at 674.

26. It has never been in dispute that the funds in the AEM bank account which were transferred to the IRS were commingled funds. These funds are untraceable and it is impossible to determine which if any clients from either AEM, Presidion VI, Inc., Presidion VII, Inc. and National MedStaff, Inc deposited funds into AEM's account.

27. The IRS has not and cannot establish what alleged trust funds were received by AEM and which employer sent the funds. Moreover, the IRS cannot establish the underlying tax liability against AEM, and has not even audited the amended first and second quarter Form 941 tax returns for 2007.

28. As such, the IRS should be sanctioned pursuant to this Court's inherent power and 11 U.S.C. §105(a) for filing Claim No. 4 and Amended Claim No. 4 without a valid Form 941 quarterly tax return, failing to make a reasonable inquiry into the underlying facts of the claim, and for acting in bad faith by knowingly and/or recklessly raising and continually advancing frivolous arguments.

CONCLUSION

29.  The Liquidating Debtor requests, pursuant to Bankruptcy Code §105, this Court award sanctions against the IRS in the amount of the Liquidating Debtor's attorneys fees for filing and prosecuting Claim No. 4 and the Amended Claim No. 4.  For almost seventeen months the IRS has intentionally dragged out the litigation of the AEM IRS Claim Objection by serving multiple and voluminous discovery requests, scheduling and taking needless depositions, violating the automatic stay to amend Claim No. 4, and falsely representing to the Court that an audit was being conducted on the amended first and second quarter Form 941 tax returns for 2007.

30.  The factual circumstances underlying the Liquidating Debtor's Form 941 tax liability have not changed since the Petition Date.  The IRS has known that all the funds transferred to the IRS by AEM came from one commingled account, and that the IRS did not have a complete and signed second quarter Form 941 tax return for 2007.  The IRS has known since it filed Claim No. 4 that it had no evidence to substantiate any claim against AEM.

**WHEREFORE,** AEM, Inc., respectfully requests this Court enter an order: (I) disallowing Claim No. 4 and Amended Claim No. 4; (ii) sanctioning the IRS in the amount of the Liquidating Debtor's attorneys fees for filing and prosecuting Claim No. 4 and the Amended Claim No. 4.; (iii) if necessary, establishing the amount of refund due for the first

and second quarter 941 taxes for 2007; and (iv) for such other and further relief as is just and proper.

      **RESPECTFULLY SUBMITTED**, this 4ᵗʰ day of April, 2011.

                    /s/ R. Scott Shuker, Esq.
                    R. Scott Shuker, Esquire
                    Florida Bar No.: 984469
                    Mariane L. Dorris, Esquire
                    Florida Bar No.: 0173665
                    **LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
                    390 N. Orange Avenue, Suite 600
                    P.O. Box 3353
                    Orlando, Florida  32802-3353
                    Tel: (407) 481-5800
                    Fax: (407) 481-5801
                    Attorneys for the Liquidating Debtor

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                              CASE NO.  6:08-bk-04681-KSJ

AEM, INC.                                           CHAPTER 11

          Debtor.

_____/


### Certificate of Service

**I HEREBY CERTIFY** that a true copy of foregoing has been furnished by either electronic transmission, facsimile and/or U.S. Mail, postage prepaid to: Internal Revenue Service, P.O. Box 21126, Philadelphia, Pennsylvania 19114; Internal Revenue Service, SBSE: CS: Insolvency, Territory 5, Attn: Insolvency Manager, 400 W. Bay Street, Suite 35045, Stop 5730-GRP 4, Jacksonville, Florida 32202-4437; Chief Special Procedure Function, Internal Revenue Service, P.O. Box 35045, 400 W. Bay Street, Stop 5720-P&II, Jacksonville, Florida 32202-4437; Internal Revenue Service, P.O. Box 21126, Philadelphia, PA 19114; Office of the United States Attorney General, Judicial Center Building, 555 4th Street, N.W., Washington, D.C. 20001; US Attorney General 501 W. Church Street, Suite 300, Orlando, Florida 32805; U.S. Department of Justice, Trial Attorney, Tax Division, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044; the Local Rule 1007-2 Parties-in-Interest; and U.S. Trustee, 135 West Central Blvd., Suite 620, Orlando, FL 32801, this 4th day of April.


                                /s/ R. Scott Shuker, Esq.
                                R. Scott Shuker, Esquire

Label Matrix for local noticing
113A-6
Case 6:08-bk-04681-KSJ
Middle District of Florida
Orlando
Mon Apr  4 17:36:05 EDT 2011

AEM, Inc
340 N Maitland Ave
Ste 210
Maitland, FL 32751-4784

Richard Lee Barrett
PO Box 533983
Orlando, FL 32853 3983

Charles A Carlson
Barnett, Bolt, Kirkwood, Long & McBride
Post Office Box 3287
Tampa, FL 33601-3287

Mariane L Dorris
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Elena L Escamilla
United States Trustee
135 West Central Blvd  Suite 620
Orlando, FL 32801-2440

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Brian R Harris
US Department of Justice, Tax Division
PO Box 14198
Washington, DC 20044-4198

Carol Koehler Ide
U S Department of Justice - Tax Division
Post Office Box 14198
Ben Franklin Station
Washington, DC 20044-4198

William M Katich
Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62706-0001

Gordon L Kiester
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Tennessee Department of Revenue
c/o Attorney General's Office
Bankruptcy Unit c/o Robert Cooper
PO BOX 20207
Nashville, TN 37202-4015

United States Trustee - ORL 11
135 W. Central Blvd., Suite 620
Orlando, FL 32801-2440

Stuart Wilson-Patton
Tennessee Attorney General's Office
Post Office Box 20207
Nashville, TN 37202-4015

End of Label Matrix
Mailable recipients      15
Bypassed recipients       0
Total                    15