UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

AEM, Inc.,

Debtor.
_____________________________________/

Case No. 6:08-bk-04681-KSJ
Chapter 11

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE PERTAINING TO ANY GROUND FOR A TAX REFUND THAT WAS NOT SET FORTH IN AEM'S ADMINISTRATIVE REQUEST FOR A REFUND**

AEM seeks a refund of approximately $25 million from the United States, representing the employment taxes attributable to three companies – Paradyme, PBS and National MedStaff – whose taxes were reported and paid in a consolidated tax return that AEM filed for the first and second quarters of 2007. Trial on this matter, as well as AEM's objection to the IRS' claim, is scheduled for April 22, 2011.

In order to maintain an action in any federal court for a refund of taxes, the claimant must first file a claim for refund with the IRS. 26 U.S.C. § 7422(a). The amended tax returns that AEM filed in December 2009, which serve as the refund claim it filed with the IRS, describe only a single basis for claiming a refund – that AEM "inadvertently included the above wages and income and payroll tax liabilities of the following entities: Presidion VI, Inc., Presidion VII, Inc., and National MedStaff, Inc."

In discovery in this case AEM has raised two additional grounds for seeking a refund that were not set forth in the refund claim that it filed with the IRS – that "[t]he subject companies did not comply with provisions in the tax code for filing consolidated 941 returns...." and that the four companies were not commonly owned when they filed the consolidated return. The

variance doctrine bars AEM from obtaining a refund on either of these grounds because they were not included in its refund request. Therefore, the Court should exclude any evidence on these grounds.[1]

Finally, the United States believes that AEM will attempt to raise at trial a basis for its refund claim that it neither included in the refund claim that it filed with the IRS nor disclosed in discovery – specifically that Frank Amodeo, the individual who signed AEM's consolidated tax returns, did not have authority to sign and file its tax returns. The variance doctrine again bars the Court from considering this as a basis for AEM's refund claim. Even if the Court were to find that the variance doctrine did not preclude consideration of this basis, it should still exclude AEM from asserting it as a basis for a refund and presenting any evidence on it at trial on the refund claim or the objection to claim pursuant to Fed. R. Civ. P. 37 because AEM did not raise this ground in response to the United States' discovery requests.

## I. The Court Should Exclude Evidence Concerning Grounds for AEM's Refund That Were Mentioned in Discovery But Not Identified and Explained in AEM's Claim For Refund Filed With The IRS

### A. Under the "Variance Doctrine" Federal Courts Lack Jurisdiction to Consider Grounds for a Refund Not Identified in the Claim for Refund Submitted to the IRS

---

[1]The United States believes that different burdens of proof apply to AEM's objection to the IRS' claim and its request for a refund, and the United States want to clarify the extent of this motion. The variance doctrine prohibits AEM from obtaining a refund on any ground that its not set forth in its administrative request for a refund. However, AEM might still be able to restate its outstanding tax liability on grounds that it could not use to obtain a refund.

Because AEM did not state any of these two grounds in its administrative request for a refund, it cannot rely on them to prove it is entitled to a refund. It might, however, be able to use them to restate the amount of its unpaid tax liability and object to the IRS' claim. Thus, the United States requests that the Court exclude them as a basis for AEM's refund request. The Court could, however, admit them for the limited purpose of objecting to the IRS' claim.

In order to maintain any action in federal court for the refund of taxes, a taxpayer must first file a claim for refund with the IRS. 26 U.S.C. § 7422(a); Hover v. United States, 2008 U.S. Dist. LEXIS 108775, at *8 (M.D. Fla. Dec. 11, 2008). An amended tax return can, if it meets the requirements of the applicable regulations, constitute a refund request. Id. at *9.

Federal courts have no jurisdiction to entertain taxpayer allegations that impermissibly vary or augment the grounds originally specified by the taxpayer in the administrative refund request. Charter Co., 971 F.2d at 1579; Hover, 2008 U.S. Dist. LEXIS 108775, at *10. As the Eleventh Circuit remarked: "This Court and its predecessor have steadfastly enforced this rule." Charter Co., 971 F.2d at 1579. Therefore, "subsequent litigation of the denial of the refund 'is limited to the grounds fairly contained within the refund claim.'" Hawco Equities, Inc. v. United States, 2000 U.S. Dist. LEXIS 13492, *9 (S.D. Fla. August 28, 2000) (citing Charter Co. v. United States, 971 F. 2d. 1576, 1579 (11th Cir. 1992))

"The purpose of the variance rule is to allow for resolution of the taxpayer's claim at the administrative level and to prevent surprise during subsequent litigation. The government should not have to 'hazard a guess' as to the actual nature of the taxpayer's claim for refund" Davenport v. United States, 2005 U.S. Dist. LEXIS 3181, at *5-6 (M.D. Fla. February 1, 2005); Stoller v. United States, 444 F.2d 1391, 1393 (5th Cir. 1971) ("The Commissioner should not be left to his own devices in order to discover the precise nature of a taxpayer's claim and thus be placed in a position of having to hazard a guess");

Treasury regulations and corresponding court decisions make clear that the refund claim must be specific. The refund request "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to appraiser the Commissioner of the exact basis thereof."

Treas. Reg. § 301.6402.2(b)(1); Wagner v. United States, 2003 U.S. Dist. LEXIS 2122, at *14 (M.D. Fla. January 21 2003). See also Charter Co., 971 F.2d at 1579-80 ("Although crystal clarity and exact precision are not demanded, at a minimum they taxpayer must identify in its refund claim the 'essential requirements' of each and every refund demand.") (internal citation omitted); Alabama By-Products Corp. v. Patterson, 258 F.2d 892, 900 (5th Cir. 1958) ("All grounds upon which a taxpayer relies must be stated in the original claim for refund so as to apprise the Commissioner of what to look into; the Commissioner can take the claim at face value and examine only those points to which his attention is necessarily directed .... Anything not raised at that time cannot be raised later in a suit for refund"); Campbell & Sons Oil Co., Inc. v. United States, 1995 U.S. Dist. LEXIS 14032, at *5 (N.D. Ala. September 8, 1995) ("Under the variance doctrine, the plaintiff must do more than allude to a possible theory of recovery in the refund claim"); Soloman v. United States, 49 F.2d 638, 641 (S.D.N.Y. 1930) ("It was Solomon's duty to so state his claim for refund that the Commissioner would be in a position to know all facts which were pertinent to its allowance, and which would enable him to prepare for trial, if a conclusion not to allow the claim should be reached. Having not done so, Solomon cannot recover on either of the theories which he advances").

Courts have routinely rejected attempts to obtain tax refunds based on grounds that were not disclosed in their original administrative requests for refunds. Davenport, 2005 U.S. Dist. LEXIS 3181 at *7-9 (granting summary judgment in favor of the United States where taxpayers relied on different arguments in district court than they did in their refund claim); Todd v. United States, 2011 U.S. Dist. LEXIS, at *9 (S.D. Ga. March 2, 2011) (precluding taxpayer from raising "reasonable cause" defense at trial because taxpayer's refund request did not raise or implicate

this defense"); Campbell & Sons Oil Co., Inc., 1995 U.S. Dist. LEXIS 14032 at *7 (N.D. Ala. September 8, 1995) (dismissing amended complaint for refund because it was "based on entirely different grounds than the theories asserted in the refund claim").

**B. The Only Evidence That the Court Should Admit at Trial Pertaining to AEM's Refund Claim is Whether Its Inclusion of the Other Three Companies on Its Consolidated Tax Return Was Inadvertent**

The only refund request that AEM filed were its amended tax returns, and the only basis for a refund that AEM described in the amended returns is that it "inadvertently included the above wages and income and payroll tax liabilities of the following entities: Presidion VI, Inc., Presidion VII, Inc., and National MedStaff, Inc." (Ex. A.) AEM's refund claim does not state any legal theory of recovery. It also does not provide any facts to apprise the Commissioner as to the basis for AEM's refund request. Accordingly, it is questionable whether AEM's refund request even constitutes a valid refund request under the applicable treasury regulations.

Assuming, however, it does constitute a valid refund request, an inadvertent inclusion of the tax liabilities of the other three companies is not a legal theory under which AEM could obtain a refund. See Combined Industries, Inc. v. United States, 83 Ct. Cl. 613 (1936). The United States has filed a motion for partial summary judgment on the refund claim on this basis as well as on other grounds. However, if the Court does not grant the United States' summary judgment motion and the refund claim proceeds to trial, the Court should only permit AEM to seek a refund and offer evidence on the basis that its inclusion of the other three companies' income on the consolidated returns was "inadvertent."

**C. The Court Should Exclude Evidence Regarding Whether AEM Complied With Provisions in the Tax Code**

AEM has raised in discovery on this case two additional bases for its refund request that it did not disclose in the administrative refund request (i.e., its amended tax returns) that it filed with the IRS.

First, in response to the United States' contention interrogatory, AEM abandons the prior ground for a refund that it stated in its administrative request – that it inadvertently included the income of the other three companies – and instead asserts that it is entitled to a refund because it did not comply with provisions in the tax code for filing consolidated 941 returns.

The United States' interrogatory and AEM's response are as follows:

> **INTERROGATORY NO. 1**: State the legal and factual basis for AEM, Inc.'s contention that it erroneously or inadvertently filed its original Form 941 tax returns for the first and second quarters of 2007 based on four companies: itself (Taxpayer Identification Number xx-xxx7877); Presidion Solutions VI, Inc. a/k/a Paradyme, Inc. (TIN xx-xxx0991); Presidion Solutions VII, Inc. a/k/a Professional Benefit Solutions (TIN xx-xxxx1757); and National MedStaff, Inc. (TIN xx-xxx4058.
>
> **ANSWER NO. 1:**
>
> In response to Interrogatory No. 1, AEM states:
>
> **Prior to 2007, all four of the aforementioned companies filed separate returns. In 2006 and 2007, all four companies deposited their total payrolls into a bank account, maintained at Bank of America, in the name of AEM d/b/a Mirabilis HR. The subject companies did not comply with provisions in the tax code for filing consolidated 941 returns. Furthermore, and pursuant to Rule 7033(d), *Federal Rules of Civil Procedure*, additional information that supports AEM's factual basis in responses to Interrogatory Number 1 has been served on the USA in conjunction with AEM's responses to the USA's first request to produce, and is served on a CD titled "AEM Docs for USA" and CD titled "AEM BOX STMTS 07".**

(Ex. B, AEM responses to the United States' first set of interrogatories)

Nowhere in the administrative request for a refund that AEM filed with the IRS does

AEM allege that it "did not comply with provisions in the tax code for filing consolidated 941 returns."[2] There is nothing in AEM's administrative claim for a refund that would apprise the Commissioner that AEM is seeking a refund on this ground nor are there any facts that would support a refund claim on this ground. Accordingly, the variance doctrine deprives the Court of jurisdiction to hear a refund claim on this ground.[3]

Therefore, if the Court does not grant the United States' motion for partial summary judgment and the refund claim proceeds to trial, the Court should not allow AEM to seek a refund on this ground and should exclude any evidence regarding whether AEM complied with provisions in the tax code for filing consolidated 941 returns.

**D. The Court Should Exclude Evidence Regarding Whether AEM and the Other Three Companies Could Have Filed a Consolidated Return if They Were Not Commonly Owned**

At his deposition, Mr. Cutill set forth a second basis for AEM's refund claim that also was not specified in the administrative request for a refund that AEM filed with IRS. Specifically, Mr. Cuthill stated that he objected to the IRS' claim on the basis that the four companies filed a consolidated return when they were not commonly owned. Mr. Cuthill's testimony about this second basis is as follows:

---

[2]Even if AEM had made this allegation in its administrative request for a refund, AEM still would not be entitled to proceed to trial on this ground. This is because such a conclusory allegation – one that does not specify the provision of the tax code that AEM allegedly did not comply with nor specifies a single supporting fact – does not comply with the regulations that require the claim sets forth "in detail each ground upon which a credit or refund is claimed and facts sufficient to appraiser the Commissioner of the exact basis thereof." Treas. Reg. 301.6402-2(b)(1).

[3]As the United States described in its motion for partial summary judgment, even if the Court were to consider the merits of this ground, AEM is still not entitled to a refund. See Combined Industries, Inc. v. United States, 83 Ct. Cl. 613 (1936)

Q. .... Explain to me, sort of in broad terms, what your objection is. What is the basis of this objection?

A. **.... I objected to the claim on the basis that AEM did not own H.R. one, two, three, and four. It only owned H.R. three and should have filed 941's on the basis of its ownership of H.R. three, which it had done in all of the prior quarters to 2007.**

(Ex. B, Cuthill deposition excerpts, pg. 89.) Later on, Mr. Cuthill reiterates the same basis:

Q: So, if Presidion VI were to have filed one, at least according to the records prepared by Mr. Ramos, it would look like this first column on exhibit – on the exhibit to your objection to claim – our exhibit six?

A: **Correct**.

Q. Okay.

A: **And that was the basis of my objection, in that the four companies had filed separate 941's in all the prior quarters, and it – I didn't understand why they filed this composite 941 in this quarter – and consulted with my CPA firm, KPMG, to help me understand why they did. I met with Amodeo to – since he signed the two returns in question – to understand why he did it. And I still don't know.**

(Ex. C, pg. 96.)

Here again there is absolutely nothing in AEM's administrative claim for a refund that would apprise the Commissioner that AEM is seeking a refund of the taxes attributable to the other three companies because the four companies filed a consolidated return when they were allegedly not commonly owned. The administrative claim does not include any facts that would support a claim on this ground. For example, the administrative claim does not even include the most basic factual allegation underlying this new ground – that the four companies were not commonly owned.

The variance doctrine deprives this Court of jurisdiction to hear a refund suit premised on

this ground. Therefore, if this case proceeds to trial, the Court should not allow AEM to seek a refund on this ground and should exclude all evidence on whether the four companies were commonly owned and whether this would have prevented them from filing a consolidated tax return.

## II. The Court Should Exclude Evidence Regarding Frank Amodeo's Authority to File the Consolidated Tax Returns Because AEM Did Not Raise This Ground in Its Administrative Refund Request or in Discovery

The United States believes that at trial AEM will attempt to raise an additional ground for its refund claim that it neither set forth in its administrative request for a refund or raised in discovery in this case – specifically that Frank Amodeo did not have authority to file AEM's consolidated tax returns. Because AEM did not identify this ground or any factual support for it in its administrative claim for a refund, the Court does not have jurisdiction to hear a refund claim premised on this ground. Therefore, the Court should preclude AEM from seeking a refund based on Amodeo's purported lack of authority to file the tax returns and should exclude any evidence on this ground at trial.

If the Court were to find that the variance doctrine did not preclude AEM from relying on this ground as a basis for its refund request, the Court should nevertheless still preclude AEM from relying on this ground as a sanction pursuant to Fed. R. Civ. P. 37 for not identifying it in response to the United States' discovery requests. Because this ground is properly excluded under Fed. R. Civ. P. 37, AEM should not be permitted to rely on it either as a basis for seeking a refund or as a basis for objecting to the IRS' claim.

### A. The Variance Doctrine Precludes AEM From Seeking a Refund Based on Amodeo's Purported Lack Authority

AEM's administrative request for a refund does not seek a refund based on Amodeo's purported lack of authority to sign and file its tax returns. AEM's allegation that it "inadvertently" included the income of the other three companies does not apprise the Commissioner that AEM is seeking a refund based on the ground that Amodeo allegedly lacked the authority to file tax returns on its behalf. It also does not include a single factual allegation in support of such a ground. In fact, this new allegation – that Amodeo filed returns when he did not have the authority to do so – is **completely inconsistent** with the ground set forth in AEM's administrative claim for a refund (i.e., that the inclusion of the other three companies on the consolidated return was "inadvertent.")

Therefore, the variance doctrine deprives the Court of jurisdiction to hear a refund claim premised on this ground. Accordingly, the Court should preclude AEM from seeking a refund on this ground, and it should exclude any evidence related to this ground at trial.

**B. Because AEM Did Not Raise the Issue of Amodeo's Authority in Discovery, the Court Should Preclude AEM From Raising It at Trial as a Basis for a Refund or as a Basis for Objecting to the IRS' Claim**

Regardless of whether the Court finds that the variance doctrine precludes AEM from raising the issue of Amodeo's authority as a ground for seeking a refund, it should nevertheless preclude AEM from raising this argument and exclude all evidence on this ground at trial pursuant to Fed. R. Civ. P. 37 because AEM did not raise this argument in its responses to the United States' discovery requests. This exclusion, because it is for a discovery violation, would apply to both AEM's refund claim and its objection to the IRS' claim.

On October 9, 2009, AEM filed an objection to the IRS' claim. [D.E. 162.] In its objection, AEM stated that "the IRS has miscalculated, and AEM has overpaid, its withholding

taxes." [D.E. 162.] At no point in its objection did AEM allege that Amodeo lacked authority to sign and file the consolidated tax returns that are at issue in this case, and at no point in its objection did AEM allege that the consolidated tax returns were therefore invalid.

In December 2009, AEM filed amended employment tax returns, which also served as its administrative request for a refund. As the United States previously described in this motion, as well as in its motion for summary judgment, AEM raised only a single ground for a refund in its administrative request – that the inclusion of the other three companies on the consolidated return was "inadvertent." AEM's administrative request did not raise the issue of Amodeo allegedly lacking authority to file tax returns on behalf of AEM, and it did not allege that the original returns were therefore invalid on this basis. It also did not include any facts on this ground.

On December 29, 2009, AEM responded to the United States' first set of interrogatories. The United States had served AEM with a contention interrogatory asking that AEM set forth "legal and factual basis for AEM, Inc.'s contention that it erroneously or inadvertently filed its original Form 941 tax returns for the first and second quarters of 2007." AEM responded only that: **"[t]he subject companies did not comply with provisions in the tax code for filing consolidated 941 returns.**" AEM's response does not include any allegation that it is challenging the IRS' claim or seeking a refund on the basis that Amodeo purportedly lacked authority to file the consolidated tax returns or that the tax returns were therefore invalid.

In May 2010, the United States deposed William Cuthill, AEM's president, to further inquire about AEM's basis for objecting to the IRS' claim and for seeking a refund. Mr. Cuthill, as the United States previously described in this motion, testified that he objected to the IRS' claim on the basis that the four companies filed a consolidated return when they were not

commonly owned. Here again AEM failed to raise the issue of Amodeo's authority as a basis for objecting to the IRS' claim or seeking a refund.

In June 2010, following Mr. Cuthill's deposition, the United States deposed Kirtus Bocox, the accountant at KPMG who prepared AEM's amended tax returns. At no point in his deposition did Mr. Bocox assert that Amodeo purportedly lacked the authority to sign AEM's consolidated tax returns or that they were allegedly invalid on this basis. (Ex. D, Bocox deposition transcript.) Like Mr. Cuthill, Mr. Bocox was focused on the relationship between the companies.

At no point up until the filing of this motion has AEM amended its responses to the United States' discovery requests to raise the issue of Amodeo's authority as a basis for objecting to the IRS' claim or seeking a refund. Despite having never raised the issue of Amodeo's authority in discovery, at the final pre-trial hearing on February 25, 2011, AEM's counsel, Scott Shuker, raised the issue of Amodeo's control in his comments to the Court, which seemed to indicate that AEM views this as its primary basis for objecting to the IRS' claim and seeking a refund.

On April 4, 2011, AEM filed a motion for sanctions against the IRS.[4] [D.E. 260.] This pleading, which AEM filed less than three weeks before the trial, is the first time that AEM has formally raised the issue of Amodeo's authority in any written response or pleading.

---

[4]AEM argues, in part, that AEM's defense of Amodeo's authority renders the IRS' claim "groundless and patently frivolous" and that it should be sanctioned for conducting discovery on it and defending it in this case. AEM seeks sanctions despite failing to raise the issue of Amodeo's authority in discovery. The United States will respond to that motion in a separate document.

Under Fed. R. Civ. P. 37(c), a court may preclude a party from introducing evidence at trial that was not disclosed as required by Fed. R. Civ. P. 26(a), (e)(1) or (e)(2) unless the failure was harmless or there was substantial justification for the failure. Goodman-Gable-Gould Co. v. Tiara Condominium Assoc., Inc., 595 F.3d 1203, 1210-11 (11th Cir. 2010) (upholding exclusion of evidence because party failed to seasonably supplement discovery responses); Acafrao v. U.S. Century Bank, 2010 U.S. Dist. LEXIS 111183, at *8-16 (S.D. Fla. August 4, 2010); Fed. R. Civ. P. 37(c).

At no point in discovery did AEM raise the issue of whether Amodeo has the authority to file the consolidated returns or whether they were invalid for this reason. AEM now seeks to have a trial on this issue. If, from the beginning of the case, AEM had contemplated this as a ground for objecting to the IRS' claim or seeking a refund of taxes, then it should have stated it in its administrative request for a refund, in its objection to the IRS' claim, and in its response to the United States' contention interrogatory, and Mr. Cuthill should have testified about it at his deposition when the United States asked him about his basis for objecting to its claim. If AEM only realized this defense during the case, then AEM had an obligation to supplement at least its prior interrogatory response to disclose this ground for objecting to the IRS' claim or for seeking a refund. Fed. R. Civ. P. 26(e)(1).

AEM has an obligation under the Fed. R. Civ. P. and the corresponding bankruptcy rules to provide complete answers to the United States' discovery requests. If AEM had contemplated this as a basis for objecting to the IRS' claim or seeking a refund, then it was required to state this ground from the beginning of the case or seasonably amend its prior discovery responses after realizing this ground. Rather than comply with these obligations, AEM instead chose to

conceal this ground throughout discovery and only raise it in the weeks before trial. The Fed. R. Civ. P. and Fed. R. Bankr. P. do not permit this conduct.

AEM's actions are not harmless. AEM seeks to go to trial on an issue that it never raised in discovery. Since AEM failed to raise this ground in discovery, the United States is still unsure as to the exact legal and factual claims that AEM is making regarding Amodeo's authority. The United States has not had the opportunity to question AEM's trial witness, Mr. Cuthill, on this issue or on any of the documents related to this issue that AEM intends to use at trial. The United States would be greatly prejudiced by only learning the complete legal and factual basis for this ground at trial and by having to develop a sufficient rebuttal at trial. The Fed. R. Civ. P. and corresponding bankruptcy rules are specifically designed to require full disclosure of the legal and factual basis of a party's claim prior to trial to prevent this sort of trial by surprise.

Because the United States has not had the opportunity to question AEM about this defense, the United States is unsure what evidence it might need at trial to rebut this ground, and it has not had a sufficient opportunity to develop that evidence. For example, the United States might have omitted documents from its exhibit list that it might need to rebut this defense, and the United States might have omitted witnesses from its witness list that are pertinent to this defense. Accordingly, the United States would be significantly prejudiced in going to trial on this issue in less than three weeks, and AEM's failure to disclose this ground is not harmless.

AEM's failure to disclose this ground is also not substantially justified. AEM has had many opportunities – its administrative request for a refund, its objection to the IRS' claim, its responses to the United States' interrogatories, Mr. Cuthill's deposition and Mr. Bocox's deposition – to raise this ground and any factual support extending back more than a year, but it

has not. There is no justification for this failure, let alone a substantial one.

## III. Conclusion

AEM has raised two defenses in this case that it did not raise in it administrative request for a refund – that AEM violated an unnamed provision in the tax code and that the four companies filed a consolidated tax return when they were not commonly owned. The variance doctrine bars AEM from seeking a refund on these grounds. Therefore, the Court should bar AEM from seeking a refund on these grounds at trial and should exclude at trial any evidence related to these grounds.

AEM has raised an additional defense that it neither raised in its administrative request for a refund or in discovery – that Amodeo lacked the authority to sign and file the consolidated tax returns. The variance doctrine bars AEM from seeking a refund on this ground, and the Court should preclude AEM from seeking a refund on this ground and from offering any evidence on this ground a trial. Pursuant to Fed. R. Civ. P. 37, the Court should also bar AEM from raising this ground or offering any evidence on it at trial as either a basis for AEM's refund request or as a basis for objecting to the IRS' claim. This is because AEM did not raise this ground in response to the United States' discovery requests in the over one year that the parties conducted discovery in this case.

If this case were to proceed to trial, the only ground on which AEM should be permitted to offer evidence that it is entitled to a refund is that it inadvertently included the other three companies on a consolidated tax return.[5] The Court might additionally permit AEM to object to the IRS' claim, but not seek a refund, on the basis that the four companies were not required to file a consolidated tax return. In no event, however, should the Court permit AEM to seek a refund or object to the IRS' claim on the basis that Amodeo lacked authority to sign and file the consolidated tax returns.

JOHN A. DICICCO
Principal Deputy Assistant Attorney General

/s/ Brian R. Harris
Brian R. Harris
FL Bar No. 512001
Tax Division, U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-6483
Fax: (202) 514-9868
E-mail: brian.r.harris@usdoj.gov

Of Counsel:

Robert E. O'Neill

[5] As the United States explained in its motion for summary judgment, even assuming that AEM could prove that the inclusion was inadvertent, this is legally insufficient to entitle AEM to a refund and the Court should therefore grant summary judgment to the United States and deny AEM's claim for a refund.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing UNITED STATES' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE PERTAINING TO ANY GROUND FOR A TAX REFUND THAT WAS NOT SET FORTH IN AEM'S ADMINISTRATIVE REQUEST FOR A REFUND was filed with the EM/ECF system on April 6, 2011, which will send notice to –

R. Scott Shuker
Mariane Dorris
Justin M. Luna
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
390 N. Orange Ave., Suite 600
Orlando, FL 32801
*Attorneys for Debtors*

Elena L. Escamilla
Office of the United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32806
*United States Trustee*

/s/ Brian R. Harris
Trial Attorney, Tax Division
U.S. Department of Justice