UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  Case No. 6:08-bk-04681-KSJ

AEM, INC.,  CHAPTER 11

　　　　Debtor.
_____/

## AEM, INC.'S RESPONSES AND OBJECTIONS
## TO THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

AEM, INC., ("AEM" or "Debtor"), by and through its undersigned attorneys, and pursuant to Rules 7033 and 9014, *Federal Rules of Bankruptcy Procedure*, hereby serves its responses to the First Set of Interrogatories propounded by counsel for the United States of America ("USA"), and states as follows:

### General Objections

1.　AEM objects to each interrogatory to the extent that each interrogatory purports to seek the discovery of information that is irrelevant, not calculated to lead to the discovery of admissible evidence, or otherwise exceeds the scope of discovery as set forth in the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

2.　AEM objects to the Definitions section of USA's First Set of Interrogatories as oppressive and unduly burdensome to the extent it attempts to enlarge AEM's obligations beyond those set forth in the Federal Rules of Bankruptcy Procedure. AEM's responses shall be in accordance with the Federal Rules of Bankruptcy Procedure. AEM will give the terms used in the interrogatories their ordinary meaning in the English language.

3.　AEM objects to each and every interrogatory to the extent that it purports to seek the discovery of information that is protected by any privilege or protection, including without limitation, the attorney/client privilege, the work product doctrine, the

1

accountant/client privilege, and/or the joint defense/prosecution privilege, including, but not limited to, documents of any non-testifying expert that is not otherwise discoverable.

4. AEM objects to each interrogatory to the extent that it is cumulative or duplicative of other interrogatories of USA and to the extent any such interrogatory seeks information that AEM has already provided to USA or that is already in the USA's possession or is otherwise more readily available or as easily accessible to USA through other means and, thus, is overly burdensome, harassing or oppressive.

5. AEM objects to each interrogatory to the extent it is vague, ambiguous, overly broad, or to the extent that responding to it is otherwise unduly burdensome, or to the extent the request fails to identify the information requested with reasonable particularity.

6. AEM objects to each interrogatory to the extent that it seeks information that is obtainable from other sources within USA's control, or from other means, other than an interrogatory to AEM, that are more convenient, less burdensome and less expensive on the grounds that such interrogatory is therefore unnecessarily burdensome and unreasonable and creates unnecessary trouble and expense for AEM.

7. AEM objects to each interrogatory to the extent the interrogatory purports to seek the discovery of confidential, sensitive, proprietary information and/or trade secrets, on the grounds that the interrogatory is oppressive, harassing and burdensome. Such information will be produced when an acceptable confidentiality agreement has been executed between the parties.

8. AEM does not concede the relevancy, materiality or admissibility of any information or documents provided, and reserves the right to object to the production or any further discovery into the subject matter of any such information or documents provided or to the admissibility of same as evidence. AEM also reserves the right to offer into evidence any answer or portion thereof, provided in response to these interrogatories.

9. AEM waives no privilege or protection by the inadvertent production of information or documentation subject thereto and reserves the right to demand the return thereof.

10. Discovery, review and investigation are ongoing. AEM expressly reserves the right to supplement, revise and/or correct its responses to these interrogatories through deposition testimony, amended response or otherwise.

11. AEM's general and specific objections shall apply to this First Set of Interrogatories and all subsequent interrogatories or supplemental responses that may follow and shall be deemed continuing throughout its responses to specific interrogatories, even when not further referred to in said response.

12. Neither an indication that information will be provided nor an objection to a particular interrogatory or a portion thereof indicates that information responsive to any particular interrogatory actually exists.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## INTERROGATORIES

<u>INTERROGATORY NO. 1</u>: State the legal and factual basis for AEM, Inc.'s contention that it erroneously or inadvertently filed its original Form 941 tax returns for the first and second quarters of 2007 based on four companies: itself (Taxpayer Identification Number xx-xxx7877); Presidion Solutions VI, Inc., a/k/a Paradyme, Inc. (TIN xx-xxx0991); Presidion Solutions VII, Inc., a/k/a Professional Benefit Solutions (TIN xx-xxx1757); and National MedStaff, Inc. (TIN xx-xxx4058).

<u>ANSWER NO. 1:</u>

In response to Interrogatory No. 1, AEM states:

**Prior to 2007, all four of the aforementioned companies filed separate returns. In 2006 and 2007, all four companies deposited their total payrolls into a bank account, maintained at Bank of America, in the name of AEM d/b/a Mirabilis HR. The subject companies did not comply with provisions in the tax code for filing consolidated 941 returns. Furthermore, and pursuant to Rule 7033(d),** *Federal Rules of Civil Procedure,* **additional information that supports AEM's factual basis in response to Interrogatory Number 1 has been served on the USA in conjunction with AEM's responses to the USA's first request to produce, and is served on a CD titled "AEM Docs for USA" and CD titled "AEM BOA STMTS 07".**

**INTERROGATORY NO. 2:**     State the legal and factual basis for AEM, Inc.'s contention that it made all of the Form 941 federal tax deposits for the first and second quarters of 2007 from the bank account(s) of AEM, Inc. In your answer, identify each bank account (by name and address of the bank, name of the account and its holder, account number, and authorized signatories) from which federal tax deposits were made, and identify who made said deposits.

**ANSWER NO. 2:**

See Answer to Interrogatory Number 1. Additionally, in support of AEM's factual basis, please refer to the chart on the enclosed CD labeled "AEM Docs for USA" for further explanation. Furthermore, and pursuant to Rule 7033(d), *Federal Rules of Bankruptcy Procedure*, please see the enclosed CD that also contains work papers that contains a daily schedule of all tax deposits by company, AEM's Bank of America bank statements (on CD labeled "AEM BOA STMTS 07"), and other relevant documents responsive to this Interrogatory Number 2. A majority of the transfers into the AEM Bank of America account were done electronically, and thus, it is unknown who would have made said transfers on any given day.

**INTERROGATORY NO. 3:** Explain in detail how you determined the wages and income and payroll tax liabilities attributable to AEM, Inc., only, for the first and second quarters of 2007. If this requested can be answered by summary chart identifying all workers accounted for on the original "consolidated" Forms 941 (indentifying each worker by company for which he or she worked and listing his or her gross wages and tax income tax and Social Security tax withheld), please provide the summary chart and supporting documentation.

**ANSWER NO. 3:**

In response to Interrogatory Number 3, and pursuant to Rule 7033(d), *Federal Rules of Civil Procedure*, please find attached, on the enclosed CD Labeled "AEM Docs for USA", a summary chart that breaks out the withholdings and payroll taxes for each entity for each of the subject quarters as well as the entire payroll for each employee by corresponding company.

...
...
...
...

**INTERROGATORY NO. 4:** Records of the Internal Revenue Service show that Paradyme, Inc., n/k/a Presidion Solutions VI, Inc. (TIN xx-xxx0991), made a trust fund tax payment in the amount of $188,282.78 during the first quarter of 2007, which was applied towards its Form 941 liability, if any. Does AEM contend that those funds should be applied against AEM's tax liability or Presidion Solutions VI's liability, and why?

**ANSWER NO. 4:**

In response to Interrogatory Number 4, AEM does not contend that those funds should be applied against AEM's tax liability or Presidion Solutions VI's tax liability. Furthermore, and pursuant to Rule 7033(d), *Federal Rules of Procedure*, see the work papers on the enclosed CD entitled "AEM Docs for USA." Lastly, and without waiving its rights to said funds, it is unknown at this time whether Mirabilis Ventures, Inc. has any legal or factual claim to said funds.

**INTERROGATORY NO. 5:** Records of the Internal Revenue Service show that National MedStaff made some federal tax deposits during the second quarter of 2007 which were later applied against AEM's Form 941 liability. Does AEM contend that those funds should be applied against AEM's tax liability or National MedStaff's liability, and why?

**ANSWER NO. 5:**

**See Answer to Interrogatory Number 4.**

**INTERROGATORY NO. 6**: In the event AEM is unable to secure and produce a document no longer in its custody or control but is aware of the existence of any such document responsive to a request included herein, identify the document and state the last date on which the document was in AEM's control, the persons or entity, if any, now in control of the document, the reason(s) for AEM's disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and the knowledge each such person has.

**ANSWER NO. 6:**

**In response to Interrogatory Number 6, AEM states that it has produced all responsive documents in its possession, custody and control that are responsive to this request and Mirabilis is without knowledge regarding any other documents that is responsive to this request.**

**INTERROGATORY NO. 7:** Identify each person whom you know has, or believe to have, knowledge of each of or any of the facts or contentions of fact relevant to the issues presented in this proceeding, and the fact or contention of fact of which that person has knowledge or of which you believe the person has knowledge.

**ANSWER NO. 7:**

**R. W. Cuthill, Jr.**
**341 N. Maitland Ave., Ste. 210**
**Maitland, FL 32751**

**Kirtus Bocox, CPA**
**KPMG**
**Regions Bank**
**111 N. Orange Avenue**
**Suite 1600**
**Orlando, Florida 32801**

By:_____
Its: _____

STATE OF FLORIDA

COUNTY OF _____

      Sworn to and subscribed before me on this \_\_\_\_\_ day of _____, 2009 by _____ as _____ of AEM, Inc. who is [ ] personally known to me or [ ] who has produced _____ as identification and who did take an oath.

                                               _____

(SEAL)                       (Print Name)
Notary Public
State of Florida

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:                                                    Case No. 6:08-bk-04681-KSJ

AEM, INC.,                                                CHAPTER 11

      Debtor.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that an original and a true copy of the foregoing Responses to USA's First Set of Interrogatories and all attachments were furnished electronically and Federal Express, to: **Carol Koehler Ide**, Trial Attorney, Tax Division, U.S. Department of Justice, PO Box 14198, Ben Franklin Station, Washington D.C. 20044; and an original and true copy of the foregoing Responses to the USA's First Set of Interrogatories was furnished by first class U.S. Mail, postage prepaid to: **Elena L. Escamilla**, Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32806 this 29th day of December, 2009.

                                                          _____
                                                           Justin M. Luna, Esquire