UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

AEM, Inc.,                                        Case No. 6:08-bk-04681-KSJ
                                                  Chapter 11

        Debtor.

_____/

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WILLIAM
CUTHILL PURSUANT TO FED. R. EVID. 602 AND TO EXCLUDE AEM'S EXHIBITS
30-32, 36-62, 67 AND 72-73 AS INADMISSIBLE HEARSAY**

In June 2007, AEM filed consolidated employment tax returns for the first and second

quarters of 2007 that reported the taxes for itself and three other companies – Paradyme, PBS and

National MedStaff.  In this bankruptcy the IRS filed a claim for approximately $3 million, which

represents the unpaid balance of the employment taxes reported on those returns.  AEM objected

to the IRS' claim and additionally seeks a refund of approximately $25 million, representing the

employment taxes allegedly attributable to the other three companies.

From 2005 to 2007, AEM was part of a network of companies that Frank Amodeo

controlled and used to orchestrate one of the largest employment tax fraud schemes in this

country's history.  William Cuthill is the current president and sole employee of AEM.  Mr.

Cuthill's first involvement with any of Amodeo's companies was in May 2008, when he was put

in control of Mirabilis Ventures, the parent company of AEM.

The trial on AEM's objection to claim and request for a refund is set for April 22, 2011.

AEM has identified Mr. Cuthill as its sole witness, and it seeks to offer his testimony in support

of its objection to the IRS' claim and its request for a refund.  To this end, AEM undoubtedly

will attempt to have Mr. Cuthill testify about the operation of AEM and other such facts from the

4839385.1

2005-2007 time frame, and it undoubtedly will attempt to have him authenticate and testify about AEM's records from this time frame and earlier.  However, Mr. Cuthill was not appointed president and director of AEM until late 2008 or early 2009, and his first involvement with any of Amodeo's companies was in May 2008.  Accordingly, he has no personal knowledge about any events from AEM during 2005-2007, and he has no personal knowledge about any of AEM's records that were prepared during that time.

One of the cornerstones of trials in federal courts is the reliability of any evidence.  The Federal Rules of Evidence guide the admissibility of evidence.  Fed. R. Evid. 602 declares that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."   Personal knowledge is required to testify about facts, and it is required for the records custodian or other qualified individual to authenticate documents as "business records" pursuant to Fed. R. Evid. 803(6).

Therefore, the Court should exclude Mr. Cuthill from testifying at trial regarding any facts in support of the grounds on which AEM's objects to the IRS' claim or on which it seeks a refund of taxes, including – whether the inclusion of the other three companies on a consolidated tax return was "inadvertent," whether the four companies were commonly owned when they filed the consolidated tax return, and whether Amodeo had the authority to file a consolidated tax return for all four companies.  The Court should also exclude Plaintiff's exhibits 30-32, 36-62, 67 and 72-73.  Mr. Cuthill has no personal knowledge with which to authenticate these documents as business records pursuant to Fed. R. Evid. 803(6), and without any such authentication they are inadmissible hearsay.

4839385.1

I.    **Mr. Cuthill Was Only Appointed President and Director of AEM was in Late 2008 or Early 2009, and Therefore He Has No Personal Knowledge About AEM During 2005 - 2007**

The United States has already filed two briefs – its motion for summary judgment [D.E. 251] and a prior motion in limine [D.E. 261] – that extensively discuss the various ground – several belatedly communicated – on which AEM has attempted to object to the IRS' claim and seek a tax refund.  Those briefs extensively discuss Mr. Cuthill's repeated denials of any first-hand knowledge about AEM from the 2005 - 2007 time frame.  Rather than repeat those discussions here for the third time and attach many of the same underlying documents as exhibits for the third time, the United States will provide a briefer discussion in this motion with appropriate citations to those pleadings.

AEM was part of a network of companies that Frank Amodeo used to orchestrate one of the largest employment tax fraud schemes in American history.  [D.E. 251, pgs. 3-4.]  For its part in this scheme, AEM pleaded nolo contendere to a variety of charges through the year 2006.  [D.E. 251, pgs. 4-6]  At the time it sought permission to plead nolo contendere instead of guilty, Mr. Cuthill had been appointed AEM's president.  [D.E. 251, pgs. 4-6.]  One of the primary grounds that AEM advanced in requesting permission to plead nolo contendere was that Mr. Cuthill had no personal knowledge of the facts in the indictment and could not certify from personal knowledge the facts necessary to support a guilty plea.  [D.E. 251, pgs. 4-6.]

In his deposition Mr. Cuthill explained that he became the president and director of AEM in late 2008 or early 2009.  (Ex. A, Cuthill deposition excerpt, 8:14 to 8:17 – "Q: And when did you become president and director of AEM?  A: Maybe the end of 2008 or early 2009.  I don't recall the exact date.")  He had been the president of Mirabilis Ventures, the 100% stockholder of

- 3 -

AEM, since May 2008.  (Ex. A, 8:18 to 8:23.)  Mr. Cuthill was only approached about being

involved with Mirabilis Ventures in mid-May 2008.  (Ex. A, 9:15 to 10:12.)  Prior to that Mr.

Cuthill was only aware of Mirabilis through newspaper and internet research that he performed.

(Ex. A, 10:17 to 14:20 – "Q: Did you talk to any of them about the Mirabilis matter.  A: No.

Actually, other than Mr. Meeker [in the U.S. Trustee's Office], I don't recall talking to anybody

about the Mirabilis case, with maybe the exception of my wife, prior to being approached by Mr.

Shuker a couple weeks before I was appointed president").

     In discovery in this case, Mr. Cuthill has continued his denials of any personal knowledge

of AEM from the 2005 - 2007 time frame.  The United States served requests for admissions to

AEM.  (Ex. B, United States' RFAs.)  Rather than admitting or denying these requests, AEM

responded to the majority of them by saying it lacked personal knowledge and therefore could

not admit or deny the requests.  (Ex. C, AEM's responses to the United States' RFAs.)  AEM

cannot flagrantly ignore its obligations on the basis that it lacks personal knowledge and then

claim such knowledge at trial.

**II.**    **The Court Should Exclude Mr. Cuthill's Testimony Pursuant to Fed. R. Evid. 602
Because He Has No Personal Knowledge About any Factual Matters Underlying
AEM's Objection to the IRS' Claim or Its Refund Request**

     AEM has identified a few potential grounds for objecting to the IRS' claim and seeking a

tax refund.[1]  In the administrative claim for a refund that it filed with the IRS, AEM seeks a

---

[1]The United States has filed a motion for partial summary judgment on certain of these
grounds [D.E. 251] and a motion in limine to exclude evidence on certain of these grounds at
trial [D.E. 261.]  If the Court were to grant those motions in whole or in part, then that might
render portions of this motion moot.  However, for this motion, the United States will discuss all
potential grounds that AEM has raised.

4839385.1

refund because it "inadvertently" included the income of the other three companies in its

consolidated tax return.  [D.E. 261, pg. 5.]  In discovery in this case AEM has objected to the

IRS' claim and sought a refund because it allegedly did not comply with certain provision of the

tax code that it has so far refused to name [D.E. 261, pg. 5-7] and that it filed a consolidated tax

return when the companies were not commonly owned [D.E. 261, pgs. 7-9].  Outside of

discovery, AEM alleged for the first time just two months before trial that Amodeo did not have

the authority to file consolidated tax returns [D.E. 261, pgs. 9-15].

Fed. R. Evid. 602 states that "[a] witness may not testify to a matter unless evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the matter."

See Fisher v. Sellas (In re Lake State Commodities Inc.), 272 B.R. 233, 236 (Bankr. N.D. Ill.

2002) (**excluding trustee's testimony about the debtor's business operations pursuant to

Fed. R. Evid. 602 because the trustee lacked personal knowledge of the debtor's business

operations**); Hagen v. United States, 485 F. Supp. 2d 622, 626 (D. Md. 2007) (explaining that

"[t]estimony made without personal knowledge is likely hearsay, and unless the testimony falls

under an exception, it is inadmissible").

Mr. Cuthill has no personal knowledge of any of facts that might underlie the grounds on

which AEM objects to the IRS' claim and seeks a refund of taxes.  Mr. Cuthill cannot offer any

admissible evidence on whether the inclusion of the other three companies on the consolidated

tax return was "inadvertent."  The consolidated tax returns were filed in June 2007, well over a

year before Mr. Cuthill had any involvement with AEM.  He has no personal knowledge about

who prepared the tax returns, the records that were used to prepare the tax returns, why the

person or persons involved in preparing the returns prepared consolidated tax returns rather than

- 5 -

individual returns for each company, whether the person or persons preparing the returns thought it was proper to include all four companies on consolidated returns and did so, or whether the person or persons preparing the returns thought it was improper to combine the companies on consolidated returns but did so nevertheless.

Likewise, Mr. Cuthill has no personal knowledge of whether the returns that AEM filed did not comply with certain provisions of the tax code.  Throughout this case AEM has never stated which provisions of the tax code it allegedly did not comply with in filing the original returns.[2]  Regardless of what provision AEM allegedly did not comply with, there must be some factual predicate for this allegation dating to the time that AEM filed the tax returns, but again Mr. Cuthill has no personal knowledge about AEM from 2007 or earlier.

Mr. Cuthill stated at his deposition that he objected to the IRS' claim because AEM filed a consolidated tax return for the four companies when they were not commonly owned.  AEM has never cited any statute or regulation that would prohibit the four companies from filing a consolidated employment tax return if they were not commonly owned, but regardless of what the statutes and regulations might say, Mr. Cuthill has no personal knowledge about the factual predicate of this objection – that the four companies were not commonly owned in 2007.  Any knowledge he has about whether or not the companies were commonly owned in 2007 came in May 2008 or later and would be based on inadmissible hearsay (e.g., conversations with others or documents that he cannot authenticate as business records and that are therefore hearsay).

---

[2]Because AEM has not disclosed this information in discovery, the Court should not permit AEM to rely on this ground at trial and, to the surprise and prejudice of the United States, finally disclose at trial some provision of the tax code that it allegedly violated.  See Fed. R. Civ. P. 37.

4839385.1

Finally, AEM has alleged in the last few weeks before trial that it objects to the IRS' claim because Amodeo did not have the authority to file the consolidated tax returns.[3] If the Court were to permit AEM to raise this ground at trial, it should exclude Mr. Cuthill from offering any testimony on it because he has no personal knowledge about this issue. Mr. Cuthill was not involved with AEM until late 2008 or early 2009, approximately a year-and-a-half after AEM filed the consolidated tax returns. He has no personal knowledge about the preparation of those returns, whether Amodeo controlled AEM and had the authority to decide on his own to prepare and file consolidated tax returns, whether Amodeo received approval from any of the officers or others at AEM to file consolidated tax returns, or any other facts relevant to this issue.

### III.    The Court Should Exclude Exhibits 30-32, 36-62, 67 and 72-73 Because Mr. Cuthill Has No Personal Knowledge With Which to Authenticate Them Under the Business Records Exception Thereby Leaving Them as Inadmissible Hearsay

Fed. R. Evid. 802 excludes hearsay. Thus, hearsay is not admissible unless it falls within one of a few listed exceptions. One common exception is for business records. Fed. R. Evid. 803(6). To be admissible under this exception, the record must have been "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the

---

[3]The United States has filed a separate motion in limine, pursuant to Fed. R. Civ. P. 37, to exclude AEM from raising this ground at trial as a basis for objecting to the IRS' claim or seeking a refund, because AEM never raised this issue in the over one year that the parties conducted discovery. [D.E. 261.] The Federal Rules of Civil Procedure do not permit AEM to conceal this defense throughout discovery, prevent the United States from taking discovery on it and then raise it at trial to the prejudice of the United States.

custodian or other qualified witness."  Fed. R. Evid. 803(6).

"The touchstone of admissibility under the business records exception to the hearsay rule is reliability."  <u>Samy Santa Flooring Depot, Inc. v. Kennebec Lumber Co. (In re: Samy Santa Flooring Depot, Inc.)</u>, 2011 Bankr. LEXIS 762, at *6 (N.D. Ga. February 24, 2011) (quoting <u>United States v. Bueno-Sierra</u>, 99 F.3d 375, 378 (11th Cir. 1996)).  While the custodian need not have prepared the business record, the custodian nevertheless must be able to testify about the "origination and compilation of the documents" or about the "initial link in the chain producing the record."  <u>Id</u>. (quoting <u>United States v. Petrie</u>, 302 F.3d 1280, 1288 (11th Cir. 2002)).

**"Courts strictly prohibit a custodian from introducing business records without personal knowledge of how the records were created**."  <u>Id</u>. at 7 (emphasis added).  <u>See Fisher v. Page</u>, 2002 WL 31749262 (N.D. Ill. Dec. 3, 2002) (upholding exclusion of debtor's business records because "[t]he Trustee admitted that he lacked personal knowledge of and did not assist in the preparation or maintenance of Lake State's business records....  Pursuant to <u>Rule 602</u>, the Trustee was not, therefore, competent to testify regarding these matters and could not lay a foundation for their admission"); <u>Smith v. Litchford & Christopher, P.A. (In re: Bay Vista of Virginia, Inc.</u>, 428 B.R. 197, 215 (Bankr. E.D. Va. 2010) ("The Trustee cannot meet his burden under *Fed. R. Evid. 602*, as he lacks personal knowledge as to the authenticity of both the First Account and the Wilson Letter.  The Trustee testified that he found the documents among Bay Vista's records, but as in the *Fisher* case, discovery of documents among the debtor's papers does not suffice to allow the Trustee to lay an adequate foundation for his testimony regarding the contents of the document and the truth thereof.")

AEM's exhibit list includes numerous exhibits that appear to be letters, memos, corporate

4839385.1

records and other documents from AEM's files that predate Mr. Cuthill's arrival at AEM.  Mr.

Cuthill has no personal knowledge about who prepared any documents that predate his arrival at

AEM.  Moreover, Mr. Cuthill has no personal knowledge about AEM's practices for preparing or

storing documents prior to his arrival at AEM, including during the 2005 - 2007 time frame.

As the cases the United States cited in this section state, Mr. Cuthill cannot authenticate

documents under the "business records" exception to the hearsay rule simply because he is the

one who currently possesses the documents.  In order to authenticate any documents under this

exception, the records custodian or other individual must have personal knowledge of who

created the documents, whether they were created in the ordinary course of business by someone

with knowledge, and whether it was the company's ordinary practice to create such documents.

Because Mr. Cuthill has no personal knowledge with which to authenticate any of AEM's

documents under the "business records" exception, set forth in Fed. R. Evid. 803(6), to the

hearsay rule, these documents – **exhibits 30-32, 36-62, 67 and 72-73** – are inadmissible hearsay

and should be excluded.  Moreover, given that AEM was part of a $200 million employment tax

fraud scheme, the reliability of any of its purported business records would particularly suspect

even if a proper foundation could be laid for their admission at trial.


IV.     **Conclusion**

Mr. Cuthill lacks personal knowledge of any facts that might underlie AEM's objection to

the IRS' claim and its grounds for a refund.  Therefore, if any of these issues remain for trial after

the Court decides the United States' motion for summary judgment and its motion in limine to

exclude certain grounds regarding AEM's objection and refund request, the Court should exclude

4839385.1

Mr. Cuthill from offering any testimony on 1) whether the inclusion of the other three companies

in the consolidated employment tax returns was "inadvertent", 2) whether the four companies

were commonly owned when AEM filed its consolidated tax returns, and 3) whether Amodeo

had the authority to file the consolidated tax returns for all four companies.

Mr. Cuthill additionally lacks personal knowledge about the creation and storage of any

of AEM's business records.  Accordingly, he cannot authenticate them as business records under

Fed. R. Evid. 803(6) and they are all inadmissible hearsay.  Therefore, the Court should exclude

AEM's exhibits 30-32, 36-62, 67 and 72-73.


JOHN A. DICICCO
Principal Deputy Assistant Attorney General

   /s/ Brian R. Harris
Brian R. Harris
FL Bar No. 512001
Tax Division, U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
Telephone:  (202) 514-6483
Fax:  (202) 514-9868
E-mail:  brian.r.harris@usdoj.gov

Of Counsel:

Robert E. O'Neill
United States Attorney

4839385.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing UNITED STATES' MOTION IN LIMINE TO

EXCLUDE TESTIMONY OF WILLIAM CUTHILL PURSUANT TO FED. R. EVID. 602 AND

TO EXCLUDE AEM'S EXHIBITS 30-32, 36-62, 67 AND 72-73 AS INADMISSIBLE

HEARSAY was filed with the EM/ECF system on April 8, 2011, which will send notice to –

R. Scott Shuker
Mariane Dorris
Justin M. Luna
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
390 N. Orange Ave., Suite 600
Orlando, FL 32801
*Attorneys for Debtors*

Elena L. Escamilla
Office of the United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32806
*United States Trustee*

/s/ Brian R. Harris
Trial Attorney, Tax Division
U.S. Department of Justice

- 11 -

4839385.1