UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:08-bk-04681-KSJ

AEM, INC.  CHAPTER 11

      Debtor.  EMERGENCY RELIEF REQUESTED

_____/

AEM, INC.'S EMERGENCY MOTION TO:
(I) BIFURCATE HEARING ON OBJECTION TO CLAIM NO. 4;
AND (II) AMEND CLAIM OBJECTION AND FILE ADVERSARY
PROCEEDING RELATING BACK TO OBJECTION TO CLAIM
(Internal Revenue Service)

AND

CERTIFICATE OF NECESSITY OF
REQUEST FOR EMERGENCY HEARING

    **AEM, INC.** ("AEM" or "Liquidating Debtor"), as the Liquidating Debtor in the above referenced case, hereby moves to: (I) bifurcate the hearing on the Objection to Claim No. 4 filed by the Internal Revenue Service; and (ii) amend the Objection to Claim No. 4 and file an adversary proceeding relating back to the objection to claim ("Bifurcation Motion"), and in support thereof states as follows:

    1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C.§§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is §105 and §1141 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On June 5, 2008, AEM filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code ("AEM Petition Date")[1]. Prior to the AEM Petition Date, AEM had been engaged in the business of providing management and payroll services to employers.

3. On October 16, 2009, the Bankruptcy Court conducted a hearing ("Confirmation Hearing") to consider the confirmation of the Joint Amended Plan of Liquidation submitted by Mirabilis Ventures, Inc. ("Mirabilis"), Hoth Holdings, LLC and AEM, dated as of August 14, 2009 (Doc. No. 234), and as modified on October 15, 2009 (Doc. No. 371) (collectively, the "Plan"). On October 27, 2009, the Bankruptcy Court entered an order confirming the Plan ("Confirmation Order") (Doc. No. 375).

4. The Bankruptcy Court established December 2, 2008 as the claims bar date for filing proofs of claim by a governmental unit in the AEM bankruptcy case.

5. On July 10, 2008, the IRS filed claim no. 4 in the AEM bankruptcy case in the amount of $3,195,661.83 purportedly based upon AEM's 941 tax liability for the second quarter of 2007 ("Claim No. 4"). Claim No. 4 states that it was an unsecured priority claim in the amount of $2,492,059.53 related to 2007, second quarter payroll taxes, and a general unsecured claim in the amount of $703,602.30.

6. On October 9, 2009, AEM filed an Objection to Allowance of Claim No. 4 ("AEM IRS Claim Objection") (Doc. No. 162). The basis for the objection to Claim No. 4

---

[1] Previously, on May 27, 2008 ("Mirabilis Petition Date"), Mirabilis Ventures, Inc. ("Mirabilis") filed its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

was that the IRS had miscalculated the 941 taxes owed by AEM, and that AEM had actually overpaid its withholding taxes.

7. On October 16, 2009, the Bankruptcy Court conducted a hearing ("Confirmation Hearing") to consider the confirmation of the Joint Amended Plan of Liquidation submitted by Mirabilis, Hoth Holdings, LLC and AEM, dated as of August 14, 2009 (Doc. No. 234), and as modified on October 15, 2009 (Doc. No. 371) (collectively, the "Plan"). On October 27, 2009, the Bankruptcy Court entered an order confirming the Plan ("Confirmation Order") (Doc. No. 375).

8. At the Confirmation Hearing, Ms. Ide discussed the pending objections to the claims filed by the IRS. With respect to Claim No. 4, Ms. Ide stated:

> Based on a return filed by AEM, AEM now wants to file amended Form 941 Returns, Breaking itself out from three non-debtor entities. And, you know, obviously that can be looked at more quickly than the IRS' usual three year audit period if we have all of the work papers and all the tax returns filed by all of the entities that they're trying to break out. And of course, we have to substantiate where all of the workers worked and all of that, but I imaging if a 941 was filed for AEM craving it out, then there will be sufficient documentation and if that can just be sent to me, we can get people working on it. October 16, 2009 Hearing Transcript p. 44. (Doc. No. 596)

9. When asked when AEM anticipated filing the amended Form 941 Returns for the first and second quarter of 2007, Mr. Cuthill advised the Court of the following:

> Well, I haven't decided whether to file it yet. ... It would create an 18 million dollar refund to the Debtor from the IRS and I haven't discussed that with the IRS. I have – we filed an objection to their claim because the claim consolidated four corporations, three of which were not subsidiaries of Mirabilis. The payroll tax return was signed by not an officer or director or an authorized party to Mirabilis, and so, the return itself was a fraudulent

return. You know, I probably need to discuss with the IRS whether I'm actually going to file for the 18 million dollar refund. See id. at p.45.

10. Ms. Ide responded to Mr. Cuthill and the Court by stating

And of course, your Honor, if we find the 18 million dollars has actually been paid to the IRS by these entities, we will be more than happy – [The Court: But you're not anticipating that.] We didn't see a bag of 18 million dollars coming into us anytime in the last few years, so that's a pretty foundational issue there. Thank you, your Honor. See id.

11. AEM subsequently filed amended first and second quarter Form 941 tax returns for 2007, which included only the wages, income and payroll tax liabilities of AEM, and requested a refund in the total amount of $25,155,522 (the AEM Refund). The IRS still has not disputed the validity or accuracy of the amended first and second quarter Form 941 tax returns for 2007.

12. On November 9, 2009, the IRS filed a Response to the AEM IRS Objection (Doc. No. 179). In the response, the IRS did not dispute the validity of the claimed overpayment, but simply requested an opportunity to substantiate the amount of federal payroll tax deposits.

13. On August 6, 2010, the IRS filed an amended proof of claim without obtaining leave of court. The amended proof of claim asserted a setoff right of $1,122,848.29, and an unsecured priority claim in the amount of $2,072,813.54 (the "Amended Claim No. 4"). Although a violation of the automatic stay, the amended proof of claim attempts to assert a new secured claim against the Liquidating Debtor based upon the income tax refund owed to Mirabilis. The amended proof of claim does not assert a setoff right with respect to the

AEM Refund. (Amended Claim No. 4 and Claim No. 4 shall collectively be referred to as "IRS Claim No. 4").

### DISCOVERY AND ALTERATION OF LEGAL THEORY

14. On February 25, 2011, over sixteen months after the AEM IRS Claim Objection was filed, the Court scheduled the final evidentiary for April 22, 2011 ("FEH Order"). (Doc. No. 249). The IRS advised the Court that it did not believe it would call any witnesses as the matter could be resolved as a matter of law, and AEM advised the Court that it intended to call only two witnesses. The Court set the hearing for a one day evidentiary hearing and advised the parties **not to file** any pretrial motions, memorandums, trial briefs, or motions for summary judgment.

15. The FEH Order provided the following: (I) the parties are directed to exchange witness lists, exhibit lists, and all exhibits on or before **March 31, 2011**; (ii) all discovery and depositions of potential witnesses are to be completed by April 15, 2011.; and (iii) the parties shall make their respective witnesses available for deposition, unless such witness has already been deposed in this matter discovery.

16. Prior to the February 25, 2011, hearing, the IRS had refused to provide deposition dates for the Corporate Representative of the IRS with the most knowledge regarding Claim No. 4, even though AEM had requested depositions on at least two separate occasions.

17. In addition, previously on July 6, 2010, AEM requested the IRS to identify each person the IRS expected to call as a witness regarding the AEM IRS Claim Objection and

identify every person who was a witness to the incidents and events that are involved in the subject matter of this claim objection. On August 9, 2011, the IRS responded with only four people: John T. Lortie, Sherrill Summers, Bryan Morris and Willie Wimbish. Subsequently, on March 16, 2011, the IRS advised AEM that none of the aforementioned individuals would be witnesses, but rather the IRS intended to call two previously undisclosed witnesses. AEM was unable to secure the exact identity of the witnesses the IRS intended to call, as well as dates and times for all five of their depositions until March 31, 2011.

18. On March 28, 2011, prior to the exchange of documents and the depositions of witnesses, the IRS filed the Summary Judgment Motion. The Summary Judgment Motion pertains only to a refund, not any liability underlying the claim. On March 29, 2011, the Court issued a Notice Regarding Opposing Motions for Summary Judgment and set April 18, 2011 as the Date AEM's response would be due. (Doc. No. 252).

19. On March 31, 2011, AEM provided its' witness and exhibit lists, as well as exhibits, as provided for in the FEH Order. The IRS emailed its' witness and exhibit lists, but failed to provide the actual exhibits until April 1, 2011. The IRS **did not** produce a complete or signed Form 941 quarterly tax return for the second quarter of 2007.

20. Since March 28, 2011, AEM has been engaged in preparing for the April 22, 2011 hearing. AEM has prepared for and taken five depositions and reviewed the previously non-disclosed documents the IRS produced on April 1, 2011.

21. After discovery closed, the IRS, on April 15, 2011, for the first time, has finally produced a complete and signed Form 941 quarterly tax return for the second quarter of

2007. Based upon such and deposition testimony given on April 15, 2011, it has become clear that the IRS has failed to produce numerous relevant documents and did not disclose three key witnesses relative to the AEM Refund: Mr. Randall Gold, Mr. Frank Amodeo and Mr. Macabe.

22. In addition to the Summary Judgement Motion, the IRS also filed: (I) Motion *in limine* to exclude all evidence pertaining to any ground for a tax refund that was not set forth in AEM's administrative request for a refund (Doc. No. 261); and (ii) Motion *in limine* to exclude testimony of William Cuthill pursuant to Federal Rule of Evidence 602 and to exclude AEM's exhibits as inadmissible hearsay (Doc. No. 262) (collectively, the "Motions *In Limine*").

23. The IRS has known since October 2009 that the original basis for the AEM IRS Claim Objection was the following: (I) Claim No. 4 incorrectly included amounts owed by three other non-debtor entities; and (ii) AEM had fully paid its 941 tax obligations. AEM has consistently advised the IRS that:(I) the alleged original first and second quarter 2007 Form 941 quarterly tax returns filed on behalf of AEM were incorrect and not authorized to be filed; (ii) the funds transferred to the IRS during 2007 for the payment of 941 taxes were the property of AEM; (iii) the amount of funds transferred to the IRS during 2007 was in excess of the 941 taxes owed by AEM; (iv) AEM received no value for the payment of the 941 taxes owed by the three non-debtor entities.

24. Now, sixteen months later, the IRS is attempting to restrict AEM's evidentiary and legal presentation of the AEM IRS Claim Objection to the explanation provided in the

amended first and second quarter Form 941 quarterly tax return-that the 941 taxes owed and the excess funds transferred were "inadvertently" over-calculated. The IRS has been aware since the Confirmation Hearing that the issues to be litigated regarding Claim No. 4 and the AEM Refund involve issues of the validity of the alleged original first and second quarter Form 941 quarterly tax returns, the amount of AEM's 941 tax liability and the fraudulent transfer of funds to the IRS for the debts of three non-debtor entities. The only reason AEM agreed to such a protracted discovery schedule was to alleviate the burden of filing an adversary proceeding against the IRS for the recovery of the AEM Refund.

25. Accordingly, AEM requests the Court enter an order: (I) granting the Bifurcation Motion; (ii) permitting the claim objection to be heard as scheduled on April 22, 2011; and (iii) allowing AEM to file an adversary proceeding regarding the AEM Refund which would specifically seek recovery from the IRS of the AEM Refund as either actual or constructively fraudulent transfers.

## LEGAL ARGUMENT

26. When determining whether the Court should permit an adversary proceeding to relate back to a filed contested matter, the Court should make a two part inquiry. Gschwend v. Markus (In re Markus), 268 B.R. 556 (9th Cir. BAP 2001). First, the initial document [claim objection] must provide the claimant with fair notice of the debtor's claim and the grounds therefor. O'Loughlin v. Nat'l R.R. Passenger Corp., 928 F. 2d 24, 26 (1st Cir. 1991). Fair notice demands that the claimant be sufficiently apprised of the existence and basis of the objection. See id. The original pleading, albeit deficient in form, must still substantially

comply with the requirements of Bankruptcy Rule 7008. In re Little, 220 B.R. 13, 16 (Bankr. D.N.J. 1998). Accordingly, the pleading must contain both a short statement of the debtor's claim showing that the pleader is entitled to relief and a request for relief. Fed.R.Civ.P. 8(a)(2).

27. Second, the claim raised in the new pleading must "arise from the same 'conduct, transaction, or occurrence' as the original claim." Markus, 268 B.R. at 562. This later requirement is in fact codified by Bankruptcy Rule 7015, which governs amendments and supplemental pleadings in adversary proceedings and sets the standard for the relation back of amendments. Fed.R.Civ.P. 15(c)(2); Markus, 268 B.R. 560. A key determinant is whether "the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading." Id. at 563. Accordingly, "relation back is permissible if a plaintiff seeks to correct a technical mistake or omission, state a new legal theory or relief, or amplify the facts alleged in the prior complaint."

28. In the instant case, the AEM IRS Claim Objection and the Confirmation Hearing clearly put the IRS on notice for the disallowance of Claim No. 4 and the return of the AEM Refund. Due to the legal positions recently taken by the IRS, AEM believes it necessary to formally set forth all legal theories of recovery of the AEM Refund.

## CERTIFICATE OF NECESSITY OF
## REQUEST FOR EMERGENCY HEARING

29. AEM was not aware of the newly disclosed documents and witnesses until, April 15, 2011. AEM requires additional time to review the factual and legal issues raised by the completion of the depositions and the alleged Form 941 quarterly tax return for the second quarter of 2007. Moreover, the Motions *In Limine* were filed on April 6 and 8 and AEM has not had sufficient time to gather all the facts necessary to adequately respond to the motions.

30. AEM estimates that approximately 15 minutes would be necessary for a hearing on this Motion.

31. A copy of this Motion was served on the IRS. Notice of a hearing on this matter will be provided to the same entities.

32. AEM does not seek to continue the evidentiary hearing on the AEM IRS Claim Objection scheduled for April 22, 2011.

33. AEM and counsel are prepared to appear on three hours's notice at a hearing to demonstrate that the request for an emergency hearing is not the result of AEM's or counsel's procrastination or lack of attention.

**WHEREFORE,** AEM, Inc., respectfully requests this Court enter an order: (I) granting the Bifurcation Motion; (ii) permitting the claim objection to be heard as scheduled on April 22, 2011; (iii) allowing AEM to file an adversary proceeding regarding the AEM Refund which would specifically seek recovery from the IRS of the AEM Refund as either

actual or constructively fraudulent transfers; and (iv) granting such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED**, this 18th day of April, 2011.

/s/ Mariane L. Dorris, Esq.
R. Scott Shuker, Esquire
Florida Bar No.: 984469
Mariane L. Dorris, Esquire
Florida Bar No.: 0173665
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P.O. Box 3353
Orlando, Florida 32802-3353
Tel: (407) 481-5800
Fax: (407) 481-5801
Attorneys for the Liquidating Debtor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:08-bk-04681-KSJ

AEM, INC.  CHAPTER 11

Debtor.

_____/

## Certificate of Service

I HEREBY CERTIFY that a true copy of foregoing has been furnished by either electronic transmission, facsimile and/or U.S. Mail, postage prepaid to: Internal Revenue Service, P.O. Box 21126, Philadelphia, Pennsylvania 19114; Internal Revenue Service, SBSE: CS: Insolvency, Territory 5, Attn: Insolvency Manager, 400 W. Bay Street, Suite 35045, Stop 5730-GRP 4, Jacksonville, Florida 32202-4437; Chief Special Procedure Function, Internal Revenue Service, P.O. Box 35045, 400 W. Bay Street, Stop 5720-P&II, Jacksonville, Florida 32202-4437; Internal Revenue Service, P.O. Box 21126, Philadelphia, PA 19114; Office of the United States Attorney General, Judicial Center Building, 555 4th Street, N.W., Washington, D.C. 20001; US Attorney General 501 W. Church Street, Suite 300, Orlando, Florida 32805; U.S. Department of Justice, Trial Attorney, Tax Division, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044; the Local Rule 1007-2 Parties-in-Interest; and U.S. Trustee, 135 West Central Blvd., Suite 620, Orlando, FL 32801, this 18th day of April.

/s/ Mariane L. Dorris, Esq.
Mariane L. Dorris, Esquire

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:08-bk-04681-KSJ<br>Middle District of Florida<br>Orlando<br>Mon Apr 18 16:37:20 EDT 2011 | AEM, Inc<br>340 N Maitland Ave<br>Ste 210<br>Maitland, FL 32751-4784 | Richard Lee Barrett<br>PO Box 533983<br>Orlando, FL 32853 3983 |
| Charles A Carlson<br>Barnett, Bolt, Kirkwood, Long & McBride<br>Post Office Box 3287<br>Tampa, FL 33601-3287 | Mariane L Dorris<br>Latham Shuker Eden & Beaudine LLP<br>390 North Orange Avenue<br>Suite 600<br>Orlando, FL 32801-1684 | Elena L Escamilla<br>United States Trustee<br>135 West Central Blvd  Suite 620<br>Orlando, FL 32801-2440 |
| Gill R Geldreich<br>Tennessee Attorney General's Office<br>Post Office 20207<br>Nashville, TN 37202 | I Randall Gold<br>United States Attorney's Office<br>501 West Church Street<br>Suite 300<br>Orlando, FL 32805-2281 | Brian R Harris<br>US Department of Justice, Tax Division<br>PO Box 14198<br>Washington, DC 20044-4198 |
| Carol Koehler Ide<br>U S Department of Justice - Tax Division<br>Post Office Box 14198<br>Ben Franklin Station<br>Washington, DC 20044-4198 | William M Katich<br>Office of the Illinois Attorney General<br>500 South Second Street<br>Springfield, IL 62706-0001 | Gordon L Kiester<br>Florida Department of Revenue<br>P O Box 2299<br>Mango, FL 33550-2299 |
| R Scott Shuker<br>Latham Shuker Eden & Beaudine LLP<br>Post Office Box 3353<br>Orlando, FL 32802-3353 | Tennessee Department of Revenue<br>c/o Attorney General's Office<br>Bankruptcy Unit c/o Robert Cooper<br>PO BOX 20207<br>Nashville, TN 37202-4015 | United States Trustee - ORL 11<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801-2440 |
| Stuart Wilson-Patton<br>Tennessee Attorney General's Office<br>Post Office Box 20207<br>Nashville, TN 37202-4015 | End of Label Matrix<br>Mailable recipients    15<br>Bypassed recipients     0<br>Total                  15 | |