UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

AEM, INC.,                                    Case No. 6:08-bk-04681-KSJ
                                              Chapter 11
    Debtor.
_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO AEM'S EMERGENCY MOTION
FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE
UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING CLAIM NO. 4**

After nearly 18 months of litigation and a request to expedite the final hearing on the debtor's objection to the IRS claim and refund request, the debtor now seeks to essentially bifurcate trial and reopen discovery. Such a request is unwarranted and without foundation.

Initially, the debtor has not properly requested an enlargement of time to respond to a summary judgment motion in accordance with Fed. R. Civ. P. 56(f). It alleges without a proper affidavit that additional discovery is needed, apparently to develop the theory on which it grounded its objection to claim and claims for refund in December 2009: that it "inadvertently" overpaid its taxes. Thus, debtor's motion should be denied for its failure to comply with the Federal Rules of Civil Procedure.

Additionally, the debtor's motion should be denied because the grounds stated in its motion do not provide a sufficient basis for AEM's failure to respond to the United States' summary judgment motion. As the United States described in its summary judgment motion, the administrative request that AEM filed with the IRS only sought a refund on a single basis – that AEM "inadvertently included the above wages and income and payroll tax liabilities" of three

other companies in its original tax returns. [D.E. 251, pgs. 18-20.] The variance doctrine precludes AEM from seeking a refund on any other ground in this case. [D.E. 251, pgs. 18-20.] Moreover, as the United States described in its motion for summary judgment, even if AEM could show that it inadvertently included the income of the other three companies together in a consolidated return, this is as a matter of law insufficient to entitle AEM to refund. [D.E. 251, pgs. 15-16.]; Combined Industries, Inc. v. United States, 83 Ct. Cl. 613 (1936). Thus, any additional discovery on the issue of whether AEM inadvertently included the income of the other three companies is irrelevant, because as a matter of law this would not entitle AEM to a refund, and as a matter of law the United States is entitled to summary judgment denying AEM refund claim.

Moreover, just as with the objection to claim, the evidentiary support for the refund claim is and has been in debtor's control since 2007: the debtor all along has known the identity of its employees, officers, customers, and documents, and the debtor has had virtually all of the exhibits the United States will or may seek to introduce at Friday's trial since at least the time of its witness' deposition nearly a year ago. The United States is at a loss to determine what new evidence Assistant United States Attorney Gold and Special Agent McCabe could possibly add to the debtor's existing knowledge on whether AEM inadvertently included the income of the other three companies in its first and second quarter 2007 employment tax returns.[1] As for Mr. Amodeo, he is certainly well known to AEM. And, at his deposition, Mr. Cuthill, the current

---

[1] AEM alleges that AUSA Gold and Special Agent McCabe were "directly involved in the dissipation of AEM's funds." [D.E. 266, pg. 5, ¶¶ 16-17.] Such an accusation is ridiculous and without foundation. Regardless, AEM's refund request had nothing to do with the dissipation of its funds – only whether AEM "inadvertently" included the income of the other three companies in a consolidated employment tax return.

president of AEM, admitted that he previously spoke with Mr. Amodeo about the filing of the first and second quarter 2007 employment tax returns. [D.E. 251-7, pg. 5-8.]

AEM makes several assertions in support of its motion that are untrue or meritless as a basis for seeking an enlargement of time to respond to the United States' summary judgment motion. AEM states that the Court advised the parties not to file any motion for summary judgment. [D.E. 266, pg. 4.] That is not true. The Court said that it would not delay the trial and set a separate briefing schedule for the United States' motion for summary judgment but that the United States could file for summary judgment if it wanted and that the Court would consider that motion on April 22nd. Accordingly, when the United States filed its summary judgment motion the Court issued an order setting a deadline of 21 days for AEM to respond.

AEM states that only after the close of discovery did the United States produce a copy of the original second quarter tax return that was filed with the IRS. [D.E. 266, pg. 5.] While this is true, it is not any basis for requesting an extension. The IRS was unable to find the original first and second quarter tax returns when it searched its files at the beginning of this case. Rather than making a single search and then doing no more under the assumption that the returns were lost, the IRS and the United States have repeatedly searched their files throughout this case to try and find the original tax returns. The United States and IRS were able to locate the original second quarter return only last week, and upon doing so, the United States promptly produced that return to AEM. *But significantly, the content of that return has nothing to do with whether AEM "inadvertently" included the income of the other three companies in its first and second quarter 2007 employment tax returns*. Certainly, the newly-located return is not used as a basis for the United States' summary judgment motion. So, the production of that document within

the last week is not a basis for AEM to seek an enlargement of time to respond to the United States' summary judgment motion.

AEM alleges that the United States has failed to produce "numerous relevant documents" and that this "late document production" is "cause" for extending the to respond to the United States' summary judgment motion. [D.E. 266, pgs. 5-6.] AEM fails to provide any support for this assertion. It does not identify the "numerous relevant documents" nor does it explain how these have any relevance to its refund claim. The only document it does identify is the original second quarter tax return, and as the United States previously explained this has nothing to do with whether AEM "inadvertently" include the income of the three other companies on its tax returns. While the United States did recently produce a few documents – transcripts and history notes – none of these would seem to bear on whether AEM "inadvertently" included the income of the three other companies on its tax returns.

Finally, AEM states in its motion that the United States previously identified four IRS employees who might have knowledge about this case – John Lortie, Sherrill Summers, Bryan Morris and Willie Wimbish – and that on March 16, 2011, the United States informed AEM that it intended to call two previously undisclosed witnesses instead of any of these four witnesses. [D.E. 266, pg. 4.] What AEM fails to inform the court in its motion is that the United States subsequently decided not to call either of the two other witnesses and that when AEM served the United States with a 30(b)(6) deposition notice, it produced Sherrill Summers and Willie Wimbish.[2] It is hard to imagine, and AEM has not tried to explain in its motion, how these IRS

---

[2] AEM deposed three other witnesses last week – Jodi Jaiman, Shane Williams and Edie Curry. The United States listed these witnesses on its witness list because they have knowledge about Amodeo's control of AEM. AEM did not raise Amodeo's control during discovery but

employees could have any personal knowledge about whether AEM "inadvertently" included the income of the three other companies in its employment tax returns.

As the United States has stated throughout this motion, AEM, not the IRS, would possess information on whether it inadvertently included the income of the three other companies on its employment tax returns. Presumably, when AEM stated in its administrative request for a refund that it "inadvertently" included the income of the three other companies, it had some factual basis for making that statement. Likewise, when AEM advised the Court it was entitled to a refund and asked for an expedited hearing, it should have had a basis for that request and been prepared to prove its case. But even if it did not have this information, AEM has known throughout this case who the officers and directors of AEM were at the time, and it could have interviewed or deposed them at any time if it wished. AEM has not explained, nor could it, how any IRS or Department of Justice employees or records could be relevant to what the AEM employees who prepared and filed its employment tax returns were thinking at the time.

A summary judgment motion requires the party opposing it to come forward with admissible evidence of a material, disputed fact. Clearly, AEM cannot do so and is seizing on a non-issue – the production of the filed return – to "buy time." Of course, that time comes at the expense of the estate, which will incur additional attorneys' fees for unnecessary discovery and a second hearing. Thus, there is no basis for AEM to seek an extension of time to respond to the United States' summary judgment motion, and the Court should deny AEM's motion and grant summary judgment in favor of the United States.

---

only raised it in the weeks before trial. Thus, the late disclosure of these witnesses and their recent depositions is as a result of AEM's failure to timely raise the issue of control. The United States has filed a motion in limine to exclude AEM from raising this issue at trial. [D.E. 261.]

In the event this Court determines that an enlargement of time is warranted, the United States requests that all matters scheduled for hearing be continued in advance of Wednesday, April 20, 2011, so that travel plans may be rearranged. It would be a needless waste of resources for the Court to require the attorneys and witnesses to appear at two separate hearings on what are essentially the same facts.

        JOHN A. DICICCO
        Principal Deputy Assistant Attorney General

        /s/ Brian R. Harris
        Carol Koehler Ide
        Brian R. Harris (FL Bar No. 512001)
        Tax Division, U.S. Department of Justice
        P.O. Box 14198
        Washington, D.C.  20044
        Telephone:  (202) 514-5887, -6483
        Fax:  (202) 514-9868
        E-mail: carol.koehler.ide@usdoj.gov
                brian.r.harris@usdoj.gov

Of Counsel:

Robert E. O'Neill
United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing UNITED STATES' RESPONSE IN OPPOSITION TO AEM'S EMERGENCY MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLAIM NO. 4 was filed with the EM/ECF system on April 18, 2011, which will send notice to –

R. Scott Shuker
Mariane Dorris
Justin M. Luna
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
390 N. Orange Ave., Suite 600
Orlando, FL 32801
*Attorneys for Debtors*

Elena L. Escamilla
Office of the United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32806
*United States Trustee*

/s/ Brian R. Harris
Trial Attorney, Tax Division
U.S. Department of Justice