

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                   CASE NUMBER: 6:08-bk-04681-KSJ

AEM, INC.,                               CHAPTER 11

    Debtor
_____/

### NOTICE OF FILING DECLARATIONS

COMES NOW, Frank L. Amodeo and files this affidavit (Declaration) in support of Mr. Amodeo's soon to be filed Motion under Rule 60 and in support of such other pleadings as may have been or will be filed in this action.

Considerable confusion exists about the tax liabilities; explained in part by Internal Revenue Service's (IRS) preference for form over substance. The IRS utilizes a "strict silo theory," to administer civil tax law, probably as the only practical method of managing and organizing the volume of information. The law otherwise favors substance of the transactions over the form regardless of the administrative preference. Consequently, and contrary to the position in many of the pleadings, AEM, Inc., not PBS, thus Mirabilis not Presidion is responsible for the majority of the unpaid taxes.

In hopes of establishing these most basic facts I submit the attached three declarations:

Declaration I is the the declaration regarding the corporations liable for the unpaid taxes;

Declaration II is the declaration regarding the individuals responsible for managing and operating the corporate taxpayers; and



Declaration III is the declaration regarding the guilty plea of Frank Amodeo and the infirmities of the criminal judgment.

**WHEREFORE,** Frank Amodeo requests the Court permit the filing of the Declaration: consider the declaration in regards to the pending hearing the planned Rule 60, and such other relief as the court deems appropriate or fair.

Respectfully submitted this 18th day of April, 2011 by: 

```
FRANK AMODEO #48883-019
FEDERAL CORRECTIONAL COMPLEX-(LOW)
POST OFFICE BOX 1031     UNIT-(B/3)
COLEMAN, FLORIDA         [33521-1031]
```

### CERTIFICATE OF SERVICE

A copy of this notice will be serve contemporaneously with filing by first class mail upon the parties in the case.

FRANK L. AMODEO

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
oOo

Regarding Corporations Liable For Unpaid Taxes

This Declaration is made to clarify certain facts which seem to have become distorted over the length of these and other proceedings. These facts (statements subject to direct, independent corroboration) are central to virtually all claims in this case, specifically, who was legally responsible for which corporation and which corporation owed the payroll taxes. Accordingly, under penalty of perjury, pursuant to Title 28 U.S.C. §1746, I declare the following:

1. Presidion Coporation owned prior to January 2005, the following Professional Employer Organizations (PEO's): Presidion Solutions, Inc., Paradyme, Inc., Sunshine Companies, Sunshine Compaines I, II, III, IV, each a separate entity.

2. Presidion Corporation was publicly traded.

3. By the end of 2005, the Sunshine Companies had accrued approximately 25 million in tax liability.

4. On January 1, 2005, all five Sunshine Companies ceased business operations and the companies were sold to Wellington Capital Group, Inc..

5. At that time Presidion Corporation was still public and Presidion Solutions, Inc., had acquired a new PEO Professional Benefits Solution, Inc., (PBS).

6. Although Presidion Corporation was publicly traded, the company was operated by a small group of shareholders in conjunction with its officers and directors.

7. Presidion Corporation Directors were Craig Vanderburg, James Baiers, Robert Pollack, and Jason Carlson.


"I"

8. Presidion Corporation's (had subsidiaries) Officers were Craig Vanderburg, Charles Kirkpatrick, James Baiers, Chris O'Connor, and Sue Schumacher.

9. Presidion Corporation's principal and active shareholders were the (a) Millennium Funds, controlled by David Firestone, (b) Ken Hendricks, generally via an attorney or agent; (c) Mirabilis Ventures, Inc., usually via its Officers Dr. Pollack, Mr. Carlson, or Edith Curry, (d) James Baiers, and (e) Craig Vanderburg.

10. Professional Benefits Solution, Inc., during the first seven months of 2005, accrued approximately 20 million in tax liability and experienced considerable difficulties in maintaining workers compensation coverage.

11. On August 1, 2005, Presidion sold PBS assets to AEM, Inc..

12. After August 1, 2005, PBS was without insurance in Florida and no longer had active operations, except under Mirabilis Ventures, Inc.'s auspices.

13. AEM, Inc., and Mirabilis Ventures, Inc., controlled or owned all former PBS and Presidion assets and operations in Florida from August 1, 2005, until the assets were again sold in 2007.

14. Presidion officers were involved in management decisions during this time, but decreasingly so over the time period.

15. Craig Vanderburg and Sue Schumacher, individually, however, maintained control of the bank accounts, collections and disbursement related to the former PBS assets thru 2005.

16. An additional approximately 50 million dollars in tax liability was accrued during last five months of 2005.

17. The total tax liability of PBS in 2005, is approximately 71 million dollars, this (possibly) includes a comparatively small amount of interests and penalties.



18. In January 2006, PBS's operations ceased.

19. PBS not only ceased operations, but formally dissolved in compliance with Florida Statutes.

20. All operations, collections, invoices, disbursements, insurances and licenses from January 1, 2006, forward were in the name of AEM, Inc., or Mirabilis Ventures, Inc..

21. In early 2006, Sue Schumacher controlled the collection transaction and some disbursements, but these were conducted from an AEM, Inc., account of which she was not a signer.

22. During 2006, AEM, Inc., accrued 101 million dollars in unpaid taxes.

23. A summary of the tax liability is: (a) prior to 2005 the Sunshine Companies (aggregated) approximately 25 million dollars without penalties and interest; (b) in 2005, PBS accumulated approximately 71 million dollars with some penalty and interest; and (c) in 2006, AEM, Inc., accrued approximately 101 million dollars possibly, including a small amount of penalty and interest.

24. The officers of Mirabilis Ventures, Inc., and AEM, Inc., refused to sign the first and second quarter tax returns for 2006, believing signing the returns would result in personal liability for the taxes.

25. James Baiers, Esq., convinced Craig Vanderburg to sign the tax returns as Professional Benefits Solution, Inc..

26. Mr. Vanderburg did this because as Mr. Vanderburg said, he already owed ten of millions in taxes anyway and if the grand plan did not work he was finished financially.

27. I discussed the unpaid taxes with Edith Curry and Frank Hailstones; as well as dozens of other officers or directors of Mirabilis Ventures, Inc..



28. Edith Curry was aware of the Presidion tax liability, since September 2004.

29. Frank Hailstones was aware of the Presidion tax liabilities from in or about June 2005, possibly earlier because of the Axena-Mirabilis-Presidion Sarbanes Oxely project. But, I lack personal knowledge of whether Mr. Hailstones' had actual knowledge of the unpaid taxes during Mr. Hailstones' project. I qualify this concession to the date Mr. Hailstones gained knowledge of the unpaid taxes by pointing out someone with his experience and training should have discovered the facts about the taxes during the Axena project due diligence phase.

Declarant Frank L. Amodeo swears under the penalty of perjury pursuant to title 28 U.S.C. §1746, that the information contained in this Declaration is true and correct to the best of my knowledge and recollection.

Executed on this 17 day of April, 2011.

_____
Frank L. Amodeo, Declarant
Reg. No.#48883-019
Federal Correctional Complex
P.O. Box 1031 (Low)
Coleman, Florida 33521-1031
Unit B-3

DECLARATION OF FRANK L. AMODEO REGARDING SOME OF THE
OFFICERS, DIRECTORS, AND CONTROLLING PERSONS OF
MIRABILIS VENTURES, INC. OR PRESIDION CORPORATION
WHO WERE AWARE OF THE UNPAID TAXES OF THE SUNSHINE
COMPANIES, PROFESSIONAL BENEFITS SOLUTIONS, INC.,
AND AEM, INC. a/k/a MIRABILIS HR

I, Frank L. Amodeo, state and depose, under the penalty of perjury pursuant title 28 U.S.C. §1746, that:

My name is Frank L. Amodeo, I am over the age of twenty-one and have personal knowledge of the events in this declaration.

My current address is: Frank L. Amodeo #43888-019; Federal Correctional Complex Low; P.O. Box 1031; Coleman, Florida 33521-1031; Unit B-3; State of Florida; County of Sumter.

I, Frank L. Amodeo declares the following information regarding the directors, officers, and key personnel of Mirabilis Ventures, Inc., and Professional Benefits Solution, Inc., and the Sunshine group of companies; as well as certain of the accountants, attorneys and professional advisors are based on my personal knowledge.

### Mirabilis Ventures, Inc.

1. In 2005, the directors and officers of Mirabilis Ventures, Inc. included Edith Curry, Esq., MBA, Jason Carlson, MBA; Robert Pollack, M.D.; Bruce Walko, MBA; James Sadnanna, Esq., CPA, MBA; Frank Hailstones, CHA.

2. In January or February of 2006, the following individuals became directors and officers of Mirabilis Ventures, Inc.: Richard Berman, Esq., Laurie Hotz, CPA; Tom Broadhead, Esq., Fernando Simo, MBA.

3. Later in 2006, Bill Walsh, CPA, was added to the Mirabilis Board of Directors and became Mirabilis' Chief Financial Officer (CFO).

4. Mirabilis Ventures, Inc.'s Chief Financial Officer in 2005 was Dan Myers, CPA.

5. Mirabilis Ventures, Inc.'s Chief Financial Officer in 2006 was Paul Glover, CPA, MBA.

6. In 2005, Mirabilis Ventures' principal officer/attorney (in-house) was Lawrence Haber, Esq..

7. In 2006, Lawrence Haber becomes one of the two senior officers in charge of Mirabilis' Human Resources Portfolio, which included the Professional Employer Organizations (PEO), including AEM, Inc..

8. In 2006, Michael Stanley, CPA was made the senior officer in charge of the Mirabilis' Human Resource Porfolio.

9. Hans Beyer, Esq., and Mr Beyer's associated law firms acted as counsel to Mirabilis Ventures, Inc. from 2005 thru 2006; the firms, separately represented me, during this period.

10. In 2006, Hans Beyer, Esq. became an officer of Mirabilis Ventures, Inc..

11. Robert Morerya and Peter Collins were financial advisors and investment bankers for Mirabilis Ventures, Inc. in 2005 and 2006.

12. In 2006, Mr. Morerya and Mr. Collins became officers of Mirabilis Ventures, Inc..

13. Mr. Morerya was a financial advisor and investment banker for me personally from 2004 thru 2006.

### AEM, Inc.

14. Mirabilis Ventures, Inc. was 100% owner of AEM, Inc., except for short periods in 2005, when for licensing purposes, Yoniv Amar and Laurie Andrea had some ownership interest.

15. Laurie Andrea and Yaniv Amar have no professional designations, and to the best of my knowledge no college credentials.

16. Florida Law requires the controlling persons of a PEO to be licensed and designates these individuals "controlling persons."

17. The controlling persons of AEM, Inc. included Yaniv Amar, Laurie Andrea, Mike Stanley, Frank Hailstones and for a limited time, or with a pending application, Paul Glover.

18. The director and president of AEM, Inc. was initially Yaniv Amar.

19. Yaniv Amar resigned as a director and officer of AEM, Inc., when Mike Stanley was hired, but remained as controlling person in order to transition the controlling person status to Mr. Stanley.

20. Yaniv Amar relinquished any claim of ownership in Mirabilis Ventures, Inc. in January 2006, in protest of Mirabilis' continuing to spend money for salaries and operating expenses by borrowing the taxes.

21. Mike Stanley was president and director of AEM, Inc. throughout 2006 and early 2007.

22. Debra Cole, CPA was chief financial officer of AEM, Inc. from in or about March 2006 through the sale of AEM, Inc. on or about May 2007.

23. The bank accounts of AEM, Inc. were controlled and operated by Mike Stanley, and Debra Cole; Frank Hailstones was authorized on the accounts, but I was unaware of Mr. Hailstones having conducted a transaction.

-2-

## Presidion's Professional Employment Organization

24. The Sunshine Companies' (5 separate PEOs named Sunshine Companies, Sunshine Staff Leasing, Sunshine I,II,III, respectively) directors prior to January 2005 were Jame Barers, Esq., Bob Gaines, Fred Sandlin, Craig Vanderburg and John Burcham.

25. Craig Vanderburg, Bob Gaines, Fred Sandling, James Baiers and others were officers of the Sunshine Companies through 2005.

26. John Burcham was an active chairman of Presidion during the time Presidion owned the Sunshine Companies.

27. Ken Hendricks, through an agent or through attorneys, was regularly involved in the Presidion's business operations prior to 2005 and, less so, but still active in 2005 and early 2006.

28. The statutory controlling persons for the Sunshine companies included James Baiers, Craig Vanderburg, John Burcham, Fred Sandlin and Bob Gaines through 2005.

29. The statutory controlling persons of Professional Benefits Solution, Inc. were Craig Vanderburg and James Baiers in 2005.

30. The statutory controlling persons of Paradyme, Inc. in 2005 and 2006 were Craig Vanderburg and James Baiers.

31. The officers of Professional Benefits Solution, Inc. were Craig Vanderburg (President and Treasurer) and James Baiers (Vice President, General Counsel).

32. The Professional Benefits Solution, Inc. bank accounts were controlled and operated by Craig Vanderburg and Susan Schumaker, CPA.

33. Susan Schumaker, CPA was the Chief Financial Officer of Presidion Corporation from in or about July 2005 thru June of 2007.

34. Susan Schumaker functioned as the Chief Financial Officer of Professional Benefits Solution, Inc. from in or about July 2005 thru December 2005.

35. Prior to July 2005, Chris O'Connor, CPA was an officer of Presidion Corporation with complete knowledge of Presidion Corporation and subsidiaries finances.

36. Chris O'Connor was the officer in charge of assembling and collecting information for the Internal Revenue Service (IRS) during the criminal investigation of Presidion in 2004.

37. Chris O'Connor was one of the two principal liaisons with Presidion Corporations independent auditors.

"II"

38. I have spoken with each and every person named in this Declaration on more than one occasion about the unpaid taxes, the "Sunshine Liquidation Plan" and the "Presidion Reorganization Plan."

39. These conversations were before the investigation of the unpaid taxes commenced.

I, Frank L. Amodeo, the undersigned Declarant hereby swear, under the penalty of perjury pursuant to Title 28 U.S.C. §1746, the information contained in this Declaration are true and correct.

Executed on this 6th day of March, 2011.

_____
Frank L. Amodeo, Declarant

DECLARATION BY FRANK L. AMODEO REGARDING GUILTY PLEA

I, Frank L. Amodeo, state and depose, under the penalty of perjury pursuant to Title 28 U.S.C. § 1746, that:

1. My name is Frank L. Amodeo, I am over the age of twenty-one and have personal knowledge of facts articulated in this declaration.

2. At the time of this Declaration my current address is as follows: Frank L. Amodeo #43888-019; Federal Correctional Complex Low; P.O. Box 1031; Coleman, Florida 33521-1031; Unit B-3. Further this Declaration is made in the State of Florida, County of Sumter.

3. The day I plead guilty, I was instructed to take a Seroquel capsule, after already taking a full dosage of Geodon, Depakote and the blood pressure medicine Labitol.

4. The instruction was from Mr. Slaughter with consultation from Dr. Danzinger.

5. The express purpose was to sedate me, so I did not say anything "crazy". Further, it would keep me calm so I could answer the questions as rehearsed, thus not keeping the magistrate from accepting the deal.

6. The factual basis for the guilty plea had been carefully crafted to ensure I was not admitting I knew I had a duty to pay the taxes, or that I knew any person was violating the law. I had refused to sign any statement including such representations.

7. I was told my crime was being deliberately ignorant of having read the 2006 tax memorandum.

8. The memorandum purportedly informed me, that I as a nonofficer, nondirector, nonshareholder, and noncontrolling person had a legal duty to ensure the corporate taxpayers paid their taxes.

9. At the time, of the guilty plea, I had not read the memorandum and relied on the representation of counsel as to the memorandum's content.

10. Later, just prior to sentencing, when Kenton Sands read the memorandum, apparently the only attorney of mine or the government who actually read it, it was discovered the memorandum did not contain the instructions about the duty or the law.

11. The memo does not mention anything about a nonofficer's duty and contains no direct references to anybody's duty; further the memorandum indicates the non-payment of taxes is not criminal.



12. Actually, if read literally, the plain language advises the conduct (deferred or nonpayment of taxes) is legal absent express IRS prohibition.

13. If I had been properly advised about the contents of the 2006 memorandum or the legal consequences of applying the relevant law to the memorandum I would not have pled guilty.

14. I have consistently maintained I was aware of the unpaid taxes, but I was not aware of having a personal duty to make the payments or ensure the payments were made.

15. I only became aware of the criminal nature of the conduct in December 2006, when Mr. Slaughter told me and only believed it (because no other attorney had thought so for two years) after it was confirmed by Yaniv Amar on AskLaw.com the next day.

16. I now understand this lack of knowledge negates the element of intent and that deliberate ignorance of the 2006 tax memorandum (referred to in the plea agreement and during the plea colloquy) is insufficient both factually and legally to form the basis of a guilty plea.

17. I have not admitted to facts which constitutes a crime.

18. I did not steal the taxes of any of the Presidion subsidiaries, professional employer organizations or of AEM, Inc. also known as Mirabilis HR or any other company.

I, Frank L. Amodeo the undersigned Declarant hereby swear under the penalties of perjury, pursuant to title 28 U.S.C. §1746, the information contained in this Declaration are true and correct.

Executed on this _18th_ day of _March_, 2011.

_____
Frank L. Amodeo, Declarant

-2-