## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                    CASE NO.  6:08-bk-04681-KSJ

AEM, INC.                                 CHAPTER 11

                    Debtor.

_____/

## MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY
## BY AND BETWEEN THE LIQUIDATING DEBTORS AND
## THE INTERNAL REVENUE SERVICE

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection or other matter, without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date this paper is entered on the docket.  If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801 and serve a copy on counsel for the Debtors, R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, P. O. Box 3353, Orlando, Florida 32802-3353.

If you file and serve an objection within the time permitted, the Bankruptcy Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

---

**AEM, INC.** ("AEM") and **MIRABILIS VENTURES INC.** ("Mirabilis") (collectively the "Liquidating Debtors"), by and through its undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 9019(a) ("FRPB"), moves for an order approving the Settlement Agreement (the "Agreement") between the Liquidating Debtors and the Internal Revenue Service ("IRS"), and, in support thereof, states as follows:

1

1.     On May 27, 2008, Mirabilis filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code ("Mirabilis Petition Date"). Prior to the Mirabilis Petition Date, Mirabilis had been engaged in strategically investing private equity in financially distressed companies.

2.     On June 5, 2008, AEM filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code ("AEM Petition Date"). Prior to the AEM Petition Date, AEM had been engaged in the business of providing management and payroll services to employers.

3.     On October 16, 2009, the Bankruptcy Court conducted a hearing ("Confirmation Hearing") to consider the confirmation of the Joint Amended Plan of Liquidation submitted by AEM and Mirabilis (Doc. No. 234), and as modified on October 15, 2009 (Doc. No. 371) (collectively, the "Plan"). On October 27, 2009, the Bankruptcy Court entered an order confirming the Plan ("Confirmation Order") (Doc. No. 375).

## Jurisdiction

4.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district for this Motion pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Background

6.     On October 9, 2009, AEM filed an Objection to Allowance of Claim No. 4 ("AEM IRS Claim Objection") (Doc. No. 162). The basis for the objection to Claim No. 4 was that the IRS had miscalculated the 941 taxes owed by AEM, and that AEM had actually overpaid its withholding taxes.

2

7.     On November 9, 2009, the IRS filed a Response to the AEM IRS Objection (Doc. No. 179). In the response, the IRS requested an opportunity to substantiate the amount of federal payroll tax deposits.

8.     On August 6, 2010, the IRS filed an amended proof of claim asserting a setoff right of $1,122,848.29, and an unsecured priority claim in the amount of $2,072,813.54 (the "Amended Claim No. 4") based upon the income tax obligations of Mirabilis.

9.     On May 20, 2011, the Liquidating Debtors filed an adversary proceeding (Adv. Pro. 6:11-ap-87-KSJ) against the IRS pursuant to Sections 502, 505, 544, 548 and 550 of the Bankruptcy Code, Chapter 726, Florida Statutes, and Rules 3007(a) and 7001 of the Federal Rules of Bankruptcy Procedure: (i) objecting to the IRS Claim No. 4; (ii) determining the amount, if any, of AEM's first and second quarter Form 941 tax liability for 2007; and (iii) seeking to avoid actual and constructively fraudulent conveyances (the "Complaint").

10.    On March 21, 2012, the Court entered its Memorandum Opinion (Adv. Doc. No. 26) and its Order Dismissing Adversary Proceeding (Adv. Doc. No. 27).

11.    The Liquidating Debtors subsequently filed its Notice of Appeal of Memorandum Opinion and Order Dismissing Adversary Proceeding (Doc. No. 751), which initiated Cases No. 6:12-cv-638-Orl-37, 6:12-ev-6398-Orl-37, and 6:12-cv-636-Orl-37 in the U.S. District Court for the Middle District of Florida.

12.    Recognizing the uncertainty of litigation and the associated time and costs incurred, the Liquidating Debtors and the IRS subsequently entered into this Agreement, on December 11, 2012, attached hereto as **Exhibit "A."**

13.    Under the Agreement, the Parties agree as follows:

3

a.      *Effectuation.* The effective date of the Agreement shall be after the entry of the Order by the Bankruptcy Court approving the Agreement.

b.      *Monetary Settlement Terms.* The IRS agrees to transfer to the Liquidating Debtors' estate a total of $626,406.45 pursuant to the calculations and transfers more fully detailed in the Agreement. Mirabilis Form 1120, 941, and 940 account overpayments will be transferred to satisfy recognized AEM tax obligations. The funds shall be dispersed as set forth in the Plan.

c.      *Waivers.* The United States waives claimed interest and penalties for pre- and post-petition employment tax liabilities of AEM and Mirabilis, and will not seek to collect any alleged remaining tax, interest or penalties claimed due from AEM for pre-petition employment tax periods. The Liquidating Debtors waive all other actions or claims against the IRS regarding their federal tax liabilities, including any claims for interest and/or refund.

d.      *Final Resolution of Disputes.* The Agreement is intended as a final resolution of any and all claims or disputes between the parties arising from the AEM and Mirabilis contested matters, adversary proceeding, and appeals. The parties agree the resolution is made for the purpose of avoiding costly litigation.

e.      *Approval.* The Agreement is subject to approval by the Bankruptcy Court.

## Relief Requested

14.     The Parties entered into the Agreement to avoid the risks, delay, and expense of litigation.

15.     Federal Rule of Bankruptcy Procedure 9019(a) states, in part, "the Court may approve a compromise or settlement."

16.     The Liquidating Debtors believe the Agreement is fair, reasonable, and in the best

4

interest of the estates and its creditors and requests the entry of an order approving the Agreement.

17.     The decision of whether or not to approve a compromise is within the court's discretion. Chira v. Saal (In re Chira), 367 B.R. 888, 896 n.10 (S.D. Fla. 2007). In order to fulfill its duty to scrutinize any potential settlement, the bankruptcy court must determine whether a proposed settlement is "fair and equitable," Id.,

18.     The alternative to the Agreement is burdensome and costly litigation which would consume valuable estate resources with no guaranty of success.

**WHEREFORE,** AEM and Mirabilis respectfully requests this Court enter an Order granting the Motion and approving the Agreement, and for such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 4th day of January 2013.

> /s/ Mariane L. Dorris
> R. Scott Shuker, Esq.
> Florida Bar No. 984469
> Mariane L. Dorris, Esq.
> Florida Bar No.
> Latham, Shuker, Eden & Beaudine, LLP
> bknotice@lseblaw.com
> 111 N. Magnolia Ave., Suite 1400
> Orlando, Florida 32801
> Telephone: 407-481-5800
> Facsimile:  407-481-5801
> *Attorneys for Debtor*

5

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                    CASE NO.  6:08-bk-04681-KSJ

AEM, INC.,

                                          CHAPTER 11

          Debtor.

_____/

### Certificate of Service

**I HEREBY CERTIFY** that a true copy of foregoing has been furnished by either electronic transmission, facsimile and/or U.S. Mail, postage prepaid to: AEM, Inc., Inc. c/o R.W. Cuthill, Jr., President of Mirabilis Ventures, Inc., 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751; Valerie G. Preiss, Trial Attorneys, Tax Division, U.S. Department of Justice, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044; The Local Rule 1007-2 parties-in-interest; and U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, FL 32801, this 4th day of January, 2013.

/s/ Mariane L. Dorris, Esq.
Mariane L. Dorris, Esquire

6

Label Matrix for local noticing
113A-6
Case 6:08-bk-04681-KSJ
Middle District of Florida
Orlando
Fri Jan  4 13:05:04 EST 2013

Richard Lee Barrett
PO Box 533983
Orlando, FL 32853 3983

Tennessee Department of Revenue
c/o Attorney General's Office
Bankruptcy Unit c/o Robert Cooper
PO BOX 20207
Nashville, TN 37202-4015

Mariane L Dorris +
Latham Shuker Eden & Beaudine LLP
P.O. Box 3353
Orlando, FL 32802-3353

I Randall Gold +
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Carol Koehler Ide +
U S Department of Justice - Tax Division
Post Office Box 14198
Ben Franklin Station
Washington, DC 20044-4198

R Scott Shuker +
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Charles A Carlson +
Barnett, Bolt, Kirkwood, Long & McBride
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606-2756

Gordon L Kiester +
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

United States Trustee - ORL 11+
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

Elena L Escamilla +
Office of the United States Trustee
400 W. Washington Street
Suite 1100
Orlando, FL 32801

Gill R Geldreich +
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

William M Katich +
Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62706-0001

Valerie G Preiss +
U S Department of Justice - Tax Division
Post Office Box 14198
Washington, DC 20044-4198

Stuart Wilson-Patton +
Tennessee Attorney General's Office
Post Office Box 20207
Nashville, TN 37202-4015

End of Label Matrix
Mailable recipients    14
Bypassed recipients     0
Total                  14



**U.S. Department of Justice**

**Tax Division**
*Please reply to: Office of Review*
*P.O. Box 310*
*Washington, D.C. 20044*

KK:MBSeyferth
CMN 2010100474, 2009103314, 2011101734

December 10, 2012

*By Telecopier and Regular Mail*
R. Scott Shuker, Esquire
Latham, Shuker, Eden & Beaudine, LLP
Post Office Box 3353
Orlando, Florida 32802

     Re:    AEM/Mirabilis
         (1) *In re AEM, Inc.*, No. 6:08-bk-04681-KSJ; Case No. 6:12-cv-638-Orl-37
         (2) *In re Mirabilis Ventures, Inc.*, No. 6:08-bk-043270KSJ; Case No. 6:12-ev-639-Orl-37
         (3) *AEM Inc. and Mirabilis Ventures, Inc. v. United States*, No. 6:11-ap-00087KSJ; Case No. 6:12-cv-636-Orl-37

Dear Mr. Shuker:

     We understand that debtors AEM, Inc. and Mirabilis Venutres, Inc. wish to amend their offer dated June 1, 2012, and now proposed the adversary proceeding, claim objections and other contested matters with the IRS in the above-referenced consolidated bankruptcy case and the consolidated appeal in the district court, including all motions, issues for trial, and appeals taken or that could be taken now or ever, be resolved on the following terms –

       1.  Following the Bankruptcy Court's March 28, 2011 decision, the IRS transferred $400,000 from Mirabilis' Form 1120 account for 2005 to Mirabilis' Form 941 account for the tax quarter ending March 31, 2007, leaving a $654,308.78 overpayment in Mirabilis' 2005 Form 1120 account. $136,908.07 of the $400,000 was thereafter transferred from Mirabilis' Form 941 account for the tax quarter ending March 31, 2007, to Mirabilis' Form 941 accounts for the tax quarters ending September 30, 2008 ($39,846.96), December 31, 2008 ($17,774.20), March 31, 2009 ($29,721.27), June 30, 2009 ($31,924.73) and September 30, 2009 ($17,590.91), leaving a $263,091.93 overpayment in Mirabilis' Form 941 account for the tax quarter ending March 31, 2007, and fully satisfying the Form 941 tax liabilities for Mirabilis' Form 941 accounts for the tax quarters ending September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009, and September 30, 2009.

       2.  Mirabilis is entitled to a $654,308 overpayment (without statutory interest) for its 2005 Form 1120 account, a $68,539.51 overpayment (without statutory interest) for its 2006 Form 1120 account, a $263,091.93 overpayment (without statutory interest)

**EXHIBIT A**

for its Form 941 account for the tax quarter ending March 31, 2007, and a $412.45 overpayment (without statutory interest) for its 2007 Form 940 account.

3. $492,000 of the $654,308.78 overpayment for Mirabilis' 2005 Form 1120 account will be transferred (without interest) to AEM's Form 941 account for the tax quarter ending June 30, 2007, in full satisfaction of AEM's Form 941 tax liabilities for that tax quarter.

4. The remaining $162,308.78 overpayment for Mirabilis' 2005 Form 1120 account, the $68,539.51 overpayment for Mirabilis' 2006 Form 1120 account, the $263,091.93 overpayment for Mirabilis' Form 941 account for the tax quarter ending March 31, 2007, and the $412.45 overpayment for Mirabilis' 2007 Form 940 account will be transferred (without statutory interest) to the consolidated debtor estate.

5. Paradyme, Inc., aka HRO1, aka Presidion Solutions VI, Inc. (EIN 52-2130991), is entitled to a $132,053.78 overpayment (without statutory interest) for its Form 941 account for the tax quarter ending March 31, 2007, which amount represents the difference between (a) the $188,282.78 credit balance shown on a current transcript of account for Paradyme's Form 941 account for the tax quarter ending March 31, 2007, and (b) a proposed settlement tax liability of $56,229 for this account. This $132,053.78 overpayment will be transferred (without statutory interest) to the consolidated debtor estate.

6. Pursuant to paragraphs 4 and 5 above, a total of $626,406.45 will be transferred (without statutory interest) to the consolidated debtor estate.

7. The United States waives claimed interest and penalties for pre- and post-petition employment tax liabilities of debtors AEM and Mirabilis, and will not seek to collect from the debtors the remaining tax, interest and penalties claimed due from AEM for pre-petition employment tax periods. The debtors waive all other actions or claims against the United States (Internal Revenue Service) regarding their federal tax liabilities, including any claims for interest and/or refund.

8. The above-captioned AEM and Mirabilis contested matters, adversary proceeding, and appeals shall be dismissed with prejudice, with each party bearing its own fees and costs, including attorneys' fees and costs.

9. This settlement is subject to approval by the Bankruptcy Court.

If the foregoing accurately reflects the terms of the amended offer that debtors AEM and Mirabilis wish to make, please sign where indicated below and return the counter-signed original letter to our office.

- 3 -

In closing, we note that, as we are certain you appreciate, the United States is in no way committed to a settlement of this matter until you receive notification from our office that the debtors' amended offer has been accepted by an authorized representative of the Attorney General.

Sincerely yours,

KATHRYN KENEALLY
Assistant Attorney General

By: _Mary Boyle_

MARY B. SEYFERTH
Acting Chief, Office of Review

The foregoing accurately reflects the terms of the amended settlement offer by debtors AEM, Inc. and Mirabilis Ventures, Inc.

12/10/2013
Date

Counsel for AEM, Inc. and Mirabilis Ventures, Inc.